Filed 1/30/15  P. v. Garcia CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C075069 |
| v. | (Super. Ct. No. CRF10491) |
| GEORGE ISEQUIEL GARCIA, | |
| Defendant and Appellant. | |

Defendant George Isequiel Garcia filed a petition for resentencing in the trial court pursuant to Penal Code section 1170.126.[1] Section 1170.126 was added pursuant to Proposition 36, the Three Strikes Reform Act of 2012 (the Act).  The trial court denied defendant's petition.  The trial court determined that defendant is ineligible for resentencing because he was armed with a firearm during the commission of his most

_____

[1] Undesignated statutory references are to the Penal Code.

1

recent offense (possession of a firearm by a convicted felon). The trial court also denied the petition based on defendant's dangerousness.

Defendant now contends (1) the trial court erred in finding him ineligible for resentencing; (2) defendant was entitled to automatic nondiscretionary resentencing under section 1170.12 based on principles of retroactivity; and (3) the trial court denied defendant a fair hearing on whether resentencing would pose an unreasonable risk to public safety.

We conclude (1) the record of conviction for possession of a firearm by a convicted felon supports the trial court's determination that defendant was armed with a firearm during the commission of the offense, thereby rendering defendant ineligible for resentencing under section 1170.126; (2) defendant is not entitled to automatic nondiscretionary resentencing because section 1170.126 is the equivalent of a "saving clause" that defeats the presumption of retroactivity; and (3) any error in making the alternative finding of dangerousness was harmless.

We will affirm the trial court's order denying the petition for recall and resentencing.

BACKGROUND

A Marysville police officer stopped defendant on September 19, 2010, for driving with expired registration tags. Because the car registration had expired more than six months before the traffic stop, the officer advised defendant the car would be towed and directed defendant to retrieve his belongings. Defendant removed a long brown wallet from the car. The officer subsequently removed a loaded gun from the trunk of the car, and a search of defendant found a methamphetamine pipe in one of defendant's pockets and a loaded pistol in his wallet.

Following a court trial, the trial court convicted defendant on possession of a firearm by a convicted felon (former § 12021, subd. (a)(1), now § 29800 -- counts 1 and 2), possession of ammunition by a convicted felon (former § 12316, subd. (b)(1), now

2

§ 16150), and possession of drug paraphernalia (Health & Saf. Code, § 11364).  The trial court also found true allegations that defendant had two prior strike convictions.  The trial court sentenced defendant to 25 years to life in prison on the count 1 conviction for possession of a firearm by a convicted felon, imposed a concurrent 25-to-life sentence on the count 2 conviction for possession of a firearm by a convicted felon, and stayed sentence on the conviction for possession of ammunition by a convicted felon.  This court affirmed the judgment on November 26, 2012.

Defendant filed a petition for recall and resentencing and motion for appointment of counsel on May 23, 2013.  The People filed an opposition arguing defendant is ineligible for resentencing because he was armed during the commission of his offense (possession of a firearm by a convicted felon).  Defendant responded that the People did not plead and prove that defendant was armed during the commission of the possession offenses, and in any event, possession was not the same as being armed.  The trial court found that defendant was ineligible for resentencing because he was armed with a firearm during the commission of his offense.  In addition, the trial court orally explained that it was also denying the petition based on defendant's dangerousness.

DISCUSSION

I

Defendant contends the trial court erred in finding him ineligible for resentencing. He argues (A) a conviction for possession of a firearm by a convicted felon does not necessarily support a finding that defendant was armed with a firearm during the commission of the offense, (B) there must by an underlying tethering offense during which the defendant was armed, and (C) the People did not plead or prove the ineligibility factor in the underlying case.

A

We begin with defendant's argument that a conviction for possession of a firearm by a convicted felon does not necessarily support a finding that defendant was armed

3

with a firearm during the commission of the offense.  Section 1170.126 allows defendants serving a life term for a third strike to petition for recall and resentencing. (§ 1170.126, subd. (b).)  Eligibility for recall of sentence is limited to defendants serving indeterminate terms of life in prison under the three strikes law for felonies that are neither serious nor violent.  (§ 1170.126, subd. (b).)  But a defendant is ineligible for resentencing if, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person."  (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii).)

According to defendant, the language "[d]uring the commission" does not "define a criminal act or offense, but describes an aspect of the underlying criminal act that is not always present and that warrants additional punishment, or in this context, disqualification."  He claims it is impermissible "bootstrapping" to find that a possession violation establishes the "arming" circumstance in question; that would allow "the same conduct which defines the offense to be used to describe an aspect of that offense that warrants disqualification.  The law simply does not allow that result."

Defendant's argument misstates the nature of the factors that render a defendant ineligible for resentencing.  "The eligibility criteria here refer to something that occurs '[d]uring the commission of the current offense,' that being 'the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.'  [Citation.]  By referring to those facts attendant to commission of the actual offense, the express statutory language requires the trial court to make a factual determination that is not limited by a review of the particular statutory offenses and enhancements of which petitioner was convicted."  (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332 (*Bradford*).)  In order to determine whether a defendant is ineligible for resentencing, a trial court examines the "conduct that occurs during the commission of an offense."  (*Id.* at p. 1333.)  The trial court must therefore "consider the nature of a petitioner's prior conviction.  Specifically, the court must consider whether,

4

during the commission of an offense that has been previously adjudicated at the time of the resentencing proceedings, 'the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.' [Citations.]" (*Id.* at pp. 1338-1339.) The trial court may look at "the record of conviction" as that phrase is defined in the cases addressing whether a prior conviction is a serious felony. (*Id.* at p. 1338; see *People v. Woodell* (1998) 17 Cal.4th 448; *People v. Guerrero* (1988) 44 Cal.3d 343.) That includes the trial and appellate record of the conviction and any appellate opinion in the case. (*Woodell,* supra, 17 Cal.4th at p. 456.)

The appellate opinion affirming defendant's conviction indicates defendant had a firearm in a wallet in the center console of his car; defendant removed the wallet before the car was towed, and the firearm was found on defendant when he was searched. Defendant was armed with the firearm because the weapon was physically available to him for his use. (*People v. Bland* (1995) 10 Cal.4th 991, 1001.)

B

We turn next to defendant's argument that there must by an underlying tethering offense during which the defendant was armed. Defendant argues the language in the Act mirrors the language in section 12022. But the language is actually different. Section 12022 authorizes a sentencing enhancement when a defendant is armed with a firearm "*in* the commission or attempted commission of the underlying felony." (§ 12022, subd. (a)(1), emphasis added.) Whereas section 1170.126, subdivision (e)(2) renders defendant ineligible for resentencing if "*[d]uring* the commission of the current offense, the defendant . . . was armed with a firearm . . . ." (§ 667, subd. (e)(2)(C)(iii).)

Defendant's argument has been expressly rejected based on these differences in language and purpose. (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1314 (*Elder*); *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1032 (*Osuna*).) As the court explained in *Osuna*, the defendant in that case was armed with a firearm "during" the commission of his possession offense, not "in" the commission of his possession offense.

5

(*Osuna*, *supra*, 225 Cal.App.4th at p. 1032.) "There was no facilitative nexus; his having the firearm available for use did not further his illegal possession of it. There was, however, a temporal nexus." (*Ibid*.) Because the Act uses the phrase "[d]uring the commission" and not "in the commission," and because the Act does not impose additional punishment but rather the opportunity for reduced punishment, the court in *Osuna* concluded "the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1032.) Other courts have held that when a defendant is armed with a firearm during the commission of the offense of possession of a firearm by a convicted felon, the defendant is ineligible for resentencing under section 1170.126. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1054; *People v. White* (2014) 223 Cal.App.4th 512, 524.)

Here, because the record indicates defendant held one of the firearms, the trial court did not err in finding that he was ineligible for section 1170.126 resentencing.

C

Defendant also argues the trial court erred in finding him ineligible for resentencing because the People did not plead or prove the ineligibility factor in the underlying case.

But defendant's interpretation was rejected by two decisions from this court (*Elder, supra,* 227 Cal.App.4th at pp. 1311-1312; *Bradford, supra,* 227 Cal.App.4th at pp. 1333-1336), as well as every other court of appeal to consider it. (See *Osuna, supra,* 225 Cal.App.4th at p. 1033; *People v. Blakely, supra,* 225 Cal.App.4th at p. 1058; *People v. White, supra,* 223 Cal.App.4th at pp. 526-527.) Those cases held that the omission of a pleading and proof requirement in section 1170.126 was dispositive. (See *Elder, supra,* 227 Cal.App.4th at pp. 1314-1315.) We decline to depart from that precedent.

## II

Defendant next asserts he was entitled to automatic nondiscretionary resentencing under section 1170.12. He claims he should have been sentenced under the Act's changes to the three strikes law because his conviction was not final by the effective date of that enactment, November 7, 2012. Defendant relies on the rule of retroactivity set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). Under the *Estrada* rule, a legislative amendment that lessens criminal punishment is presumed to apply to all cases not yet final (the Legislature deeming its former penalty too severe), unless there is a "saving clause" providing for prospective application. (*Id.* at pp. 742, 745, 748.)

However, in *People v. Yearwood* (2013) 213 Cal.App.4th 161 (*Yearwood*), the Fifth Appellate District concluded section 1170.126 is the equivalent of a "saving clause" that defeats the presumption of retroactivity in *Estrada* for persons like defendant whose appeals were pending when the Act became effective. (*Yearwood*, *supra*, 213 Cal.App.4th at pp. 172, 176.) Like in *Yearwood*, we conclude *Estrada* does not apply and defendant's only recourse was his petition for recall of sentence in the trial court pursuant to section 1170.126. He is therefore not entitled to a remand for resentencing under the amendments to sections 667 and 1170.12 unless he can satisfy the requirements of section 1170.126. (*Yearwood*, at pp. 171-172, 176.)

## III

In addition, defendant claims the trial court denied him a fair hearing on whether resentencing would pose an unreasonable risk to public safety.

Section 1170.126 requires the trial court to make a threshold determination regarding whether a defendant is eligible for recall of sentence and resentencing. "Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12

7

unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) "In exercising its discretion in subdivision (f), the court may consider: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

Here, the trial court made the threshold determination that defendant is ineligible for resentencing. As a result, there was no need for the trial court to determine whether resentencing defendant would pose an unreasonable risk of danger to public safety, and no need for a further evidentiary hearing on that issue. Because we have concluded the trial court properly found defendant ineligible for resentencing, any error in making the alternative finding was harmless under any standard.

## DISPOSITION

The order denying the petition for recall and resentencing is affirmed.


                                                        MAURO          , J.


We concur:


          NICHOLSON          , Acting P. J.


          DUARTE          , J.

8