Filed 2/25/15  P. v. Ross CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY ROBERT ROSS,<br><br>Defendant and Appellant. | C075990<br><br>(Super. Ct. No. CRF 95274301) |

Defendant Timothy Robert Ross appeals from the trial court's orders denying his petition for resentencing pursuant to Penal Code section 1170.126[1] because he was armed during the commission of his current offense.  He contends the prosecution was required to plead and prove any fact disqualifying him from resentencing.  We shall affirm the trial court's orders.

BACKGROUND

The facts of defendant's current offense are taken from the preliminary hearing, which formed the factual basis of his guilty plea.

---

[1] Undesignated statutory references are to the Penal Code.

1

On November 5, 1994, defendant entered a West Sacramento Circle K and pointed a silver revolver at the store clerk. The clerk gave about $60 cash to defendant, who then left on foot.

Defendant pleaded guilty to grand theft from a person (§ 487, subd. (c)) and admitted two strike allegations. The trial court sentenced him to 25 years to life.

In December 2012, defendant filed a pro se petition for resentencing pursuant to section 1170.126. Defendant was appointed counsel, who filed a second petition for resentencing in August 2013.

The trial court found defendant eligible for resentencing pending a determination of the section 1170.126 danger to public safety issue. Following the People's motion for reconsideration, the trial court determined defendant was ineligible for resentencing because he was armed with a firearm during the commission of the current offense.

## DISCUSSION

Defendant contends the trial court erred in finding him ineligible for resentencing based on facts that were neither pled nor proven.

Section 1170.126 allows defendants serving a life term for a third strike to petition for resentencing. (§ 1170.126, subd. (b).) Eligibility for resentencing is initially limited to defendants serving life terms for felonies that are neither serious nor violent. (§ 1170.126, subd. (e)(1).) Other factors can render a defendant ineligible for resentencing. One of the disqualifying factors, as cross-referenced in section 1170.126, subdivision (e)(2), renders an offense ineligible for recall of sentence if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 667, subd. (e)(2)(C)(iii).)

Defendant notes that while section 1170.126 does not define the term "armed with a firearm or deadly weapon," the phrase, "during the commission of the current offense . . . [defendant] was armed with a firearm or deadly weapon," is found in the

2

enhancement for being armed with a firearm, section 12022, subdivision (a)(1). He argues that a review of section 12022 "should be instructive here." Relying on cases interpreting the section 12022 enhancement (see *People v. Masbruch* (1996) 13 Cal.4th 1001, 1007; *People v. Bland* (1995) 10 Cal.4th 991, 1001-1002), defendant concludes that whether he was armed during the commission of his current offense must be pleaded or proven before he can be found disqualified.

Defendant is wrong. Section 1170.126 acts to reduce punishment for crime rather than enhancement. Therefore, there is no pleading or proof requirement for any fact used to disqualify a defendant from resentencing. Defendant's contention to the contrary was rejected by two panels of this court (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1311-1312, 1314-1315; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1333-1336 as well as every other court of appeal to consider it. (See *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1026, 1039-1040; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058, 1062-1063; *People v. White* (2014) 223 Cal.App.4th 512, 526-527.)

Defendant, who addresses only the *White* decision in his brief, does not give us good reason to depart from these decisions. Agreeing with the uniform authority rejecting defendant's claim, we find there is no pleading and proof requirement for a fact used to exclude a defendant from section 1170.126 resentencing.

DISPOSITION

The trial court's orders denying defendant's petition for resentencing are affirmed.


                                BLEASE             , Acting P. J.

We concur:


    NICHOLSON       , J.


    BUTZ            , J.

3