*1311 Opinion
BUTZ, J.
In December 2012, defendant Kenneth Elder filed what he titled a petition for a writ of habeas corpus (though invoking Pen. Code, § 1170.126)[1] seeking to recall his 1995 indeterminate life sentence. The statute, enacted pursuant to a November 2012 initiative measure, provides retrospective relief under narrow criteria from indeterminate life sentences imposed for recidivism. Defendant alleged that his commitment offense— unlawful possession (as a convicted felon) of a gun—was not a “serious” or violent felony and did not otherwise come within any exception to section 1170.126, and therefore he was entitled to be considered for resentencing to a determinate sentence of double the term that would otherwise apply to his offense (which is what a court would impose under the prospective amendments to the recidivist sentencing statutes enacted as part of the same initiative). (§ 1170.126, subd. (f); see § 667, subd. (e)(1).)
Treating the filing as a recall petition under the statute,[2] the present trial court (Hon. Laurie M. Earl)[3] denied the petition without a hearing, finding defendant did not qualify for relief. Relying on the facts in our decision on appeal from defendant’s original sentence (People v. Elder (Feb. 3, 1997, C020780) [nonpub. opn.]), the trial court found that during the commission of the commitment offense defendant was armed with a gun and thus his commitment offense was ineligible for resentencing (§ 1170.126, subd. (e)(2), cross-referencing § 667, subd. (e)(2)(C)(iii)).
Contending this ruling was an order after judgment affecting his substantial rights (§ 1237, subd. (b)), defendant filed an appeal.[4] As defendant’s commitment offense was not facially ineligible for resentencing, we have jurisdiction on appeal at least to determine whether the denial affected his substantial rights. He argues that as a matter of statutory interpretation he cannot be armed while committing the crime of unlawful possession of a gun; alternately, he argues that the prosecution had to plead and prove this circumstance in the proceedings underlying his commitment offense. Disagreeing *1312 with both claims, we find the trial court properly concluded that defendant was ineligible for resentencing. Assuming that denial of his petition is appealable even if it did not affect his substantial rights, this court will affirm the order. (Alternately, this court will treat the appeal as a petition for a writ of habeas corpus and deny it.)
There are only a limited number of relevant background facts beyond those stated in the introduction. We will incorporate them in the Discussion rather than set them out separately.
DISCUSSION
I. For Purposes of Section 1170.126, Unlawful Possession of a Firearm Can Constitute Being Armed During an Offense
As cross-referenced in section 1170.126, subdivision (e)(2), a commitment offense is ineligible for recall of sentence if “[d]uring [its] commission . . . , the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.” (§ 667, subd. (e)(2)(C)(iii), italics added.) The parties have not suggested that we should interpret “armed” any differently in this context than its interpretation for purposes of the firearm enhancement in section 12022:[5] A defendant is armed if the gun has a facilitative nexus with the underlying offense (i.e., it serves some purpose in connection with it); however, this requires only that the defendant is aware during the commission of the offense of the nearby presence of a gun available for use offensively or defensively, the presence of which is not a matter of happenstance. This does not require any intent to use the gun for this purpose. (People v. Pitto (2008) 43 Cal.4th 228, 239-240 [74 Cal.Rptr.3d 590, 180 P.3d 338].)
With section 12022 as his springboard, defendant launches into a survey of cases applying the armed enhancement (that we do not need to recapitulate) in support of the unremarkable point that an enhancement of necessity does not have any independent existence and must as a result be tied to an underlying offense (People v. Izaguirre (2007) 42 Cal.4th 126, 134 [64 Cal.Rptr.3d 148, 164 P.3d 578]; People v. Wims (1995) 10 Cal.4th 293, 304 [41 Cal.Rptr.2d 241, 895 P.2d 77]), concluding on this basis that ineligibility for resentencing for being “armed” therefore must require something beyond the substantive offense of possession itself. The illogic of this line of *1313 reasoning rests on its conflating the criterial definition of an ineligible offense (being armed during the commission of such offense) with the derivative nature of the armed enhancement (which requires being armed in the commission of an offense).[6] Our task instead is to divine whether possessing a gun can constitute being armed with the gun during the possession.
Neither we nor the parties have identified any authority in which the prohibition in the arming enhancement on its use with offenses that have arming as an element arose in the context of an underlying conviction for unlawful gun possession; perhaps the point has seemed self-evident to prosecutors. However, our own research has identified People v. Cooper (1967) 256 Cal.App.2d 500 [64 Cal.Rptr. 282], which concluded that an analogous statute imposing a minimum indeterminate term for a defendant armed during the commission of an offense (former § 3024, as amended by Stats. 1957, ch. 1617, § 3, pp. 2964-2965) cannot augment the penalty otherwise provided for a conviction for being a felon in possession of a firearm, because “an integral part of [former] section 12021 is being armed with a deadly weapon.” (Cooper, supra, at p. 505, italics added.)
Of some probative value on this issue is the somewhat analogous principle (not considered in the briefing) in the context of section 654 that, while applied in a collection of permutations of facts and sentences, unvaryingly finds that a felon’s possession of a gun at the instant of committing an offense (if no evidence of antecedent or subsequent possession) is the same act that underlies various gun enhancements, and cannot be the subject of additional punishment. (People v. Ratcliff (1990) 223 Cal.App.3d 1401, 1412 [273 Cal.Rptr. 253].)
Obliquely invoking the interpretive principle that we cannot presume a drafter intended absurd results (In re D.B. (2014) 58 Cal.4th 941, 945-946 [169 Cal.Rptr.3d 672, 320 R3d 1136]), defendant argues in his reply brief that such an interpretation would render ineligible any defendant who “step[ped] near a firearm,” and the drafters could not have intended that “every prisoner convicted of gun possession would be categorically excluded from resentencing.” This rhetorical hyperbole does not withstand analysis. A conviction for possession of a gun must be based on intentional actual or constructive possession of the gun (People v. Sifuentes (2011) 195 Cal.App.4th 1410, 1417 & fn. 3 [125 Cal.Rptr.3d 903]), not merely walking nearby (id. at p. 1417). Moreover, although we will not hazard a definitive effort to parse the sheep from the goats (see Cummings v. Future Nissan (2005) 128 Cal.App.4th 321, 328 [27 Cal.Rptr.3d 10]), not every commitment offense for unlawful possession of a gun necessarily involves being armed with the gun, if the gun is not *1314 otherwise available for immediate use in connection with its possession, e.g., where it is under a defendant’s dominion and control in a location not readily accessible to him at the time of its discovery. In any event, the electorate’s concern was with conserving the public fisc while making sure that dangerous felons did not benefit from any of the amendments and remained sequestered. (Yearwood, supra, 213 Cal.App.4th at p. 170.) While, as defendant asserts, possession of a gun of itself is not criminal, a felon’s possession of a gun is not a crime that is merely malum prohibitum. As we stated nearly 20 years ago, “public policy generally abhors even momentary possession of guns by convicted felons who, the Legislature has found, are more likely to misuse them.” (People v. Pepper (1996) 41 Cal.App.4th 1029, 1037-1038 [48 Cal.Rptr.2d 877].) Therefore, even if the great majority of commitments for unlawful gun possession come within our interpretation of this eligibility criterion, it would not run afoul of the voters’ intent.[7]
II. Circumstances Rendering a Commitment Offense Ineligible Are Not Subject to Pleading and Proof
Under the 2012 amendments, a third qualifying felony conviction is prospectively subject to a minimum indeterminate life sentence of 25 years only where a prosecutor pleads and proves that the prior convictions were for serious or violent felonies, and that a commitment offense is either a serious or violent felony, or otherwise comes within one of four qualifying classes of offenses. (§ 667, subd. (e)(2)(C).) On the other hand, the retrospective relief under section 1170.126 is conditioned upon an eligible commitment offense, which “the [trial] court shall determine” on “receiving a petition for recall of sentence under this section.” (§ 1170.126, subd. (f), italics added.) In rejecting an interpretation that a defendant becomes presumptively entitled to resentencing absent proof of dangerousness beyond a reasonable doubt, People v. Superior Court (Kaulick) (2013) 215 Cal.App.4th 1279 [155 Cal.Rptr.3d 856] (Kaulick) notes it is determinative that the drafters omitted any requirement for the pleading and proof of dangerousness in the latter statute. (Id. at p. 1303, fn. 26; see id. at pp. 1298-1299, fn. 21 [dictum; “[b]y its terms” § 1170.126 does not require pleading and proof of circumstances rendering commitment offense ineligible]; accord, White, supra, 223 Cal.App.4th at p. 527.) Therefore, section 1170.126 does not of itself *1315 support defendant’s claim that his ineligibility was subject to pleading and proof in the proceedings underlying the commitment offense of his being armed.
Defendant asserts section 1170.126 is “subject” to the requirement of pleading and proof in section 667. However, the former statute cross-references only “the offenses appearing in” (§ 1170.126, subd. (e)(2), italics added) the four subdivisions of section 667, subdivision (e)(2)(C), and not the text preceding them that specifies the procedural prerequisite of pleading and proof. (White, supra, 223 Cal.App.4th at pp. S26-527.)[8]
Since we do not find anything ambiguous about the lack of a requirement for pleading and proof of ineligibility, defendant’s invocation of the “rule of lenity” does not have any relevance. In any event, the lenity rule is limited to situations in which intrinsic or extrinsic evidence of the Legislature’s intent results in reasonable interpretations that stand in equipoise. (People v. McCoy (2012) 208 Cal.App.4th 1333, 1339, fn. 6 [146 Cal.Rptr.3d 469].) Such circumstance does not exist in this context.
It is also irrelevant that it is for a trier of fact (and not the trial court) to sustain a gun enhancement. We are not concerned here with an enhancement but with a criterion for mitigation of sentence.
For the same reason, defendant’s reliance on the principle in the line of cases that include Blakely v. Washington (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531] is misplaced. As we noted in People v. Benitez (2005) 127 Cal.App.4th 1274, 1277-1278 [26 Cal.Rptr.3d 262], under these cases any fact increasing punishment beyond the statutory maximum authorized on facts necessarily found in a jury’s verdict must itself be the subject of a jury finding, but this does not apply to facts rendering a defendant ineligible for mitigation of a punishment that the facts underlying the verdict otherwise authorize. (Accord, Kaulick, supra, 215 Cal.App.4th at pp. 1304-1305, citing Dillon v. United States (2010) 560 U.S. 817, 828-829 [177 L.Ed.2d 271, 130 S.Ct. 2683]; Blakely, supra, 225 Cal.App.4th at p. 1060; Osuna, supra, 225 Cal.App.4th at pp. 1039-1040 [both citing Kaulick].)[9]
*1316 Finally, defendant suggests it is improper to allow a trial court to find a defendant ineligible on the basis of facts in the underlying proceeding that the parties did not have any incentive to litigate at the time, in the absence of a pleading and proof requirement. But that ship sailed long ago when our Supreme Court abandoned an approach of considering only the least adjudicated elements of a prior conviction and endorsed consideration of the entire record of the conviction. (People v. Guerrero (1988) 44 Cal.3d 343, 345, 348, 355-356 [243 Cal.Rptr. 688, 748 P.2d 1150], overruling People v. Alfaro (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154]; accord, People v. Myers (1993) 5 Cal.4th 1193, 1201 [22 Cal.Rptr.2d 911, 858 P.2d 301] [applying rule to prior out-of-state felony convictions].) Indeed, People v. Woodell (1998) 17 Cal.4th 448 [71 Cal.Rptr.2d 241, 950 P.2d 85] (Woodell) to a certain extent refutes defendant’s exact contention. It notes that an appellate opinion might not be an entirely accurate reflection of the facts in the record because some of the facts might not have been of importance to the author on issues pertinent to the appeal. However, that “some opinions might not be probative on a given question is [not a] reason to exclude all opinions,” particularly because a defendant is able to raise issues of material factual omissions or misstatements in an appellate opinion. (Woodell, at p. 457; cf. People v. Garcia (2002) 97 Cal.App.4th 847, 854-855 [118 Cal.Rptr.2d 662] [may petition for rehearing on this basis, thus use of memorandum decision not improper]; Cal. Rules of Court, rule 8.500(c)(2) [failure to petition for rehearing on this basis generally forfeits factual challenges in petition for review].) As with plea agreements that become part of the record of conviction, “both parties ... are expected to pay careful attention .... The possibility of future consequences, including the application of habitual offender statutes, further necessitates [that] the parties ensure the record accurately reflects the factual basis for the plea. Therefore . . . , a defendant would normally and reasonably be expected to object to . . . the factual recital if [it] did not accurately reflect the circumstances of the offense . . . .” (People v. Sample (2011) 200 Cal.App.4th 1253, 1265 [133 Cal.Rptr.3d 421], italics added.) In any event, when pressed at oral argument, defendant was unable to identify facts that might be pertinent to being armed that would not otherwise arise in litigating the issue of possession, nor can we discern any.
*1317 III. The Record of the Prior Conviction Supports the Finding of Ineligibility
We come to the gist of the case. The trial court, apparently on its own motion, cited from our summary of the evidence in defendant’s direct appeal from his conviction for his commitment offense.[10] We had noted that in the course of executing a search warrant on a Wednesday in June 1994 for an apartment, the members of a multiagency task force found defendant outside the front door. He admitted living there. Among the occupants was defendant’s young child. Inside the apartment was a loaded gun on a shelf of an entertainment center. Another gun was in an unlocked safe in a bedroom. Police also found a photograph of defendant (on film manufactured in Mar. 1994) holding a gun identical in appearance to the gun on the entertainment center shelf. At trial, defendant contended the guns belonged to another occupant of the apartment (whom he later married), and that he was actually only a weekend visitor in general to her apartment rather than another occupant. (People v. Elder, supra, C020780.)[11] The present trial court concluded this established beyond a reasonable doubt that defendant either actually possessed the guns or at least had joint dominion and control over them, under conditions in which the guns were readily available for his use. Therefore, his commitment offense involved being armed during the commission of unlawful gun possession as a felon, and was not an eligible offense for resentencing.
Other than citing to the reporter’s transcript of his trial for testimony in support of his defense and for a couple of quotes from closing argument— none of which adds to or detracts from the summary in the opinion— defendant does not address whether this is a sufficient basis for a finding of ineligibility. Thus, he does not contend our summary of the evidence in the official transcript of the trial was inaccurate (and in any event our docket does not indicate he either petitioned for rehearing or review on this basis, despite having raised sufficiency of the evidence as an issue on appeal). The facts relevant to the claim of insufficiency of the evidence of possession are coextensive with those establishing whether or not he was armed with the guns. In these circumstances, the recitation of these facts in the opinion on defendant’s direct appeal are probative of the facts underlying the conviction. (Woodell, supra, 17 Cal.4th at pp. 460, 461.) The trial court thus properly found defendant ineligible for resentencing.
*1318 DISPOSITION
We assume the order is appealable, regardless of defendant’s eligibility for resentencing, and affirm it. (Alternately, we treat the appeal as a petition for a writ of habeas corpus and deny the petition.)
Hull, Acting P. J., and Robie, J., concurred.

 Undesignated statutory references are to the Penal Code.

 As defendant pursued relief from a final conviction pursuant to section 1170.126, we do not need to address the contretemps regarding whether a defendant whose sentence is not yet final on appeal is entitled to application of the revised sentencing provisions without filing a petition for recall pursuant to section 1170.126. (People v. Yearwood (2013) 213 Cal.App.4th 161, 168 [151 Cal.Rptr.3d 901] (Yearwood) [no retroactive effect]; People v. Conley (2013) 215 Cal.App.4th 1482 [156 Cal.Rptr.3d 508], review granted Aug. 14, 2013, S211275 [presenting issue of retroactivity].)

 The original sentencing judge (Hon. John V. Stroud (ret.)) was no longer available. (§ 1170.126, subds. (b), (j).)

 Defendant filed a motion to take judicial notice of the record in his prior appeal; we granted the motion, though we construe it as one to incorporate the record by reference in the present proceedings.

 The statute prescribes a one-year enhancement for “a person who is armed with a firearm in the commission of a felony . . . unless the arming is an element of that offense.” (§ 12022, subd. (a)(1), italics added.)

 People v. Osuna (2014) 225 Cal.App.4th 1020, 1030-1032 [171 Cal.Rptr.3d 55] (petn. for review den. July 9, 2014, S218183) (Osuna) is in agreement: “The two are not the same.”

 We note the recently decided People v. White (2014) 223 Cal.App.4th 512, 519 [167 Cal.Rptr.3d 328], review denied April 30, 2014, S217030 (White) also finds unlawful gun possession can be an ineligible commitment offense (via a different route of analysis based on the arguments in that case), and also makes the point that if constructive possession was the basis for the prior conviction, not every conviction for possession will establish that a defendant was armed (although the defendant at issue had been carrying the gun and thus indisputably was armed) (White, at pp. 524-525). People v. Blakely (2014) 225 Cal.App.4th 1042, 1052-1053 [171 Cal.Rptr.3d 70] (petn. for review den. July 9, 2014, S218914) (Blakely) and Osuna, supra, 225 Cal.App.4th at page 1029 are also in accord.

 Again, Blakely and Osuna make the same points as White with respect to rejecting a requirement of pleading and proof. (Blakely, supra, 225 Cal.App.4th at pp. 1058-1059; Osuna, supra, 225 Cal.App.4th at p. 1033; see fn. 7, ante, at p. 1314.)

 Defendant contends for the first time in his reply brief that Pepper v. United States (2011) 562 U.S. 476 [179 L.Ed.2d 196, 214, 131 S.Ct. 1229] has declared this exception for mitigation of punishment does not apply to “ ‘plenary resentencing proceedings,’ ” a category in which he contends section 1170.126 belongs. He does not give any good cause for failing to cite this existing authority in his opening brief. This forfeits plenary consideration of it. (Sourcecorp, Inc. v. Shill (2012) 206 Cal.App.4th 1054, 1061, fn. 7 [142 Cal.Rptr.3d 414]; People v. Baniqued (2000) 85 Cal.App.4th 13, 29 [101 Cal.Rptr.2d 835].) We accordingly *1316 confine ourselves to observing that Pepper itself twice refers to its application to the situation of a remand for “resentencing after a sentence has been set aside on appeal.” (Pepper, supra, at pp. __-__ [179 L.Ed.2d at pp. 213-214].) That is not the context of a petition to recall a sentence.

 It is not clear whether the trial court admitted it as an exhibit or took judicial notice.

 We also note that the opinion later cites evidence (in refuting a claim of insufficient evidence) that the owners referred to defendant as their tenant, who paid the rent and negotiated with them about improvements. (People v. Elder, supra, C020780.)