Filed 10/10/14  P. v. Garateix CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048895 |
| v. | (Super. Ct. No. 95SF0848) |
| JOSEPH GARATEIX, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Robert R. Fitzgerald.  (Retired judge the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant is currently serving a sentence of 25 years to life under the Three Strikes law. He contends the trial court erred in denying his motion to recall his sentence and resentence him under Proposition 36. However, because appellant was armed with a firearm during his commitment offense, he is not eligible for resentencing. We therefore affirm the trial court's ruling.

FACTS AND PROCEDURAL BACKGROUND[1]

In 1995, the police received a tip appellant, a parolee, was selling narcotics. The informant alleged appellant always had a gun visible when he was dealing drugs. The police decided to contact appellant at his residence, and when they did, appellant let them inside to search his apartment. During the search, appellant directed the officers to a dresser drawer in his room. Inside the drawer, on top of appellant's underwear, was a loaded pistol. Appellant initially claimed the gun belonged to his girlfriend, but then admitted it was his. In the course of the search, the police also found marijuana, methamphetamine and a hypodermic needle, but appellant was not charged with possessing those items. Rather, he was simply charged with being a felon in possession of a firearm in violation of Penal Code section 12021, subdivision (a).[2]

Following a jury trial, appellant was convicted of that charge. He was also found to have suffered three prior strike convictions and served two prior prison terms. The trial court sentenced him to 25 years to life in prison under the Three Strikes law. (§§ 667, subds. (d), (e)(2) & 1170.12, subds. (b), (c)(1).) The judgment was affirmed on appeal in 1999. (See *People v. Garateix* (Aug. 18, 1999, G023379) [nonpub. opn.].)

In 2012, the voters approved Proposition 36, which changed the Three Strikes law by amending sections 667 and 1170.12 and adding section 1170.126. As

---

[1] The facts are derived from the court records in appellant's underlying case, which we judicially notice. (Evid. Code, §§ 452, subd. (d) & 459, subd. (a).) At respondent's request, we also take judicial notice of the Official Voter Information Guide to Proposition 36. (*Id.*, at § 452, subds. (c), (h).)

[2] Since appellant was convicted, Penal Code section 12021, subdivision (a) has been repealed and reenacted without substantive change as Penal Code section 29800, subdivision (a). All further statutory references are to the Penal Code.

amended, the law allows inmates who are serving an indeterminate life sentence under the Three Strikes law to petition to have their sentences recalled and be resentenced as second strike offenders if their commitment offense was not a serious or violent felony, none of the enumerated disqualifying factors apply, and resentencing would not pose an unreasonable risk to public safety. (§ 1170.126, subds. (e), (f).) One of the enumerated disqualifying factors is that the defendant was "armed with a firearm" during his commitment offense. (§§ 1170.126, subd. (e)(2), 1170.12, subd. (c)(2)(C)(iii) & 667, subd. (e)(2)(C)(iii).)

In the wake of Proposition 36, appellant petitioned to have his sentence recalled and be resentenced as a second strike offender. There is no dispute his commitment offense – possessing a firearm as a felon – is not a serious or violent felony. However, the trial court determined appellant was not eligible for relief because he used a firearm during that offense.

DISCUSSION

Appellant contends the trial court erred in denying his petition for resentencing. In his view, it does not matter whether he was armed during his commitment offense because that offense is not a serious or violent felony. Alternatively, he argues he was not armed during his commitment offense, and therefore the case should be remanded to allow the trial court to determine whether resentencing him as a second strike offender would pose an unreasonable risk to public safety. We disagree with both contentions.

As a preliminary matter, respondent raises an issue that is currently being considered by the California Supreme Court. That is, whether the denial of a Proposition 36 petition for resentencing is appealable under section 1237, subdivision (b). (See *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708.) That provision allows a defendant to appeal "[f]rom any order after judgment, affecting the substantial rights of the party." The trial court's order denying appellant's request for

3

resentencing could hardly be more important as far as his rights are concerned. It means that rather than having the opportunity to be resentenced as a second strike offender and be released for time served, he may have to spend the rest of his life behind bars. Since the order affects appellant's inalienable right to freedom, we will treat it as appealable, pending further guidance from the California Supreme Court.

Nevertheless, just because appellant's commitment offense is not a serious or violent felony, that does not mean he is eligible for resentencing under Proposition 36. Appellant contends otherwise. To his way of thinking, if the voters wanted to exclude inmates who were convicted of possessing a firearm as a felon from the reach of Proposition 36, then they would have characterized that offense as a serious or violent felony. Because they did not, appellant maintains he is eligible for resentencing.

However, as mentioned above, there are various exclusions that may apply to disqualify a defendant who is otherwise eligible for resentencing under Proposition 36. The law not only bars resentencing for a defendant whose commitment offense constitutes a serious or violent felony, it also contemplates consideration of the circumstances under which that offense was committed. If the record of conviction shows an exclusion applies, the defendant is not eligible for resentencing, even if the particular felony for which he was committed to prison was not serious or violent. (*People v. Guilford* (2014) 228 Cal.App.4th 651, 646-649; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1317; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029; *People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1013; *People v. Superior Court (Martinez)* (2014) 225 Cal.App.4th 979, 990; *People v. White* (2014) 223 Cal.App.4th 512, 523-524 (*White*).)

"The sole disqualifying exclusion at issue in this appeal – the armed-with-a-firearm exclusion – is set forth in section 667[, subd.] (e)(2)(C)(iii), and also in section 1170.12 [, subd.] (c)(2)(C)(iii) . . . . Under the plain language of the armed-with-a-firearm exclusion, [appellant] is ineligible for resentencing relief as a second strike

4

offender if his life sentence was 'imposed' because '[d]uring the commission of the current offense, [he] . . . was armed with a firearm.' [Citations.]" (*White, supra,* 223 Cal.App.4th at p. 523, fns. omitted.)

A person is armed with a firearm when he or she has ready access to the weapon for offensive or defensive use. (*People v. Pitto* (2008) 43 Cal.4th 228, 236; *People v. Bland* (1995) 10 Cal.4th 991, 997; *White, supra,* 223 Cal.App.4th at p. 524.) For purposes of the armed exclusion under Proposition 36, it doesn't matter whether the defendant was actually charged with being armed with a firearm or whether he used a firearm in connection with another offense. If the record shows he had access to a gun during the commission of the offense for which he was convicted – regardless of whether that offense is a serious or violent felony – then he is not eligible for resentencing under Proposition 36. (*People v. Elder, supra,* 227 Cal.App.4th at pp. 1312-1317; *People v. Osuna, supra,* 225 Cal.App.4th at pp. 1028-1041; *White, supra,* 223 Cal.App.4th at pp. 526-528.) We therefore reject appellant's claim to the contrary.

Alternatively, appellant argues the armed exclusion does not apply to him because when he was arrested, he had only *constructive*, not *actual* possession of the firearm that was found in his dresser. In so arguing, appellant correctly notes that in finding the armed exclusion applicable the court in *White* observed the defendant's guilt for possessing a firearm as a felon in that case was based on his actual physical possession of a gun. (*White, supra,* 223 Cal.App.4th at p. 525.) However, "[t]he *White* court did not hold physical possession was the *only* circumstance in which a defendant could be found to be armed" for purposes of Proposition 36. (*People v. Superior Court (Cervantes), supra*, 225 Cal.App.4th at p. 1013, fn. 7, italics added.) In fact, the law is clear that for a person to be armed, he or she need not "physically carry the firearm on his or her person. [Citations.]" (*Id*. at p. 1013.) Accordingly, courts have found the armed exclusion applicable to "those inmates who had a firearm available for immediate offensive or defensive use, and not merely those who carried a firearm on their person.

5

[Citation.]" (*People v. Superior Court (Martinez), supra*, 225 Cal.App.4th at p. 992 [discovery of firearm in defendant's residence during his arrest rendered him ineligible for resentencing under Proposition 36]; *People v. Superior Court (Cervantes), supra*, 225 Cal.App.4th at pp. 1012-1019 [same].)  In short, not everyone who possesses a firearm is armed with it, so appellant's contention being armed is subsumed in the statutory definition of his crime fails.

In the present case, the police found a loaded pistol in the underwear drawer of appellant's bedroom dresser.  Appellant admitted the gun was his, and it is clear he had ready access to the weapon.  So, the trial court properly determined he was ineligible for resentencing under Proposition 36.  Not only did appellant unlawfully possess a firearm as a felon in violation of then section 12021, he was armed during the commission of that offense because the weapon was readily available to him for offensive or defensive purposes.  Proposition 36 does not apply on these facts.[3]

## DISPOSITION

The order denying appellant's petition to recall his sentence and be resentenced under Proposition 36 is affirmed.

BEDSWORTH, J.

WE CONCUR:

O'LEARY, P. J.

ARONSON, J.

---

[3]    In reaching this conclusion, we recognize the trial court determined appellant was ineligible for relief because he *used*, not because he was *armed* with, a gun.  However, that discrepancy is immaterial because we review the trial court's ruling, not its reasoning.  (*People v. Campbell* (1994) 23 Cal.App.4th 1488, 1494.)  In any event, the trial court's finding that appellant used a gun necessarily implies the court believed appellant was armed.

6