Filed 3/6/15  P. v. Ramirez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040087 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC474345) |
| v. | |
| CARLOS JESSIE RAMIREZ, | |
| Defendant and Appellant. | |

Defendant Carlos Jessie Ramirez, a "Three Strikes" prisoner who is serving an indeterminate life sentence, appeals from an order denying his petition for recall of his sentence pursuant to Penal Code section 1170.126.[1]  We conclude that defendant was ineligible for resentencing and affirm.

## I.  Three Strikes Reform Act of 2012

The Three Strikes Reform Act of 2012 (Reform Act) amended sections 667 and 1170.12 and added section 1170.126.  (*People v. Superior Court (Martinez)* (2014) 225 Cal.App.4th 979, 984.)  Under the previous version of the Three Strikes law, a defendant who had been convicted of two or more serious or violent felonies was subject to an indeterminate life sentence of 25 years to life after his or her conviction of any new

---

[1]     All further statutory references are to the Penal Code.

1

felony. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167 (*Yearwood*).) The Reform Act changed the Three Strikes law by reserving indeterminate life sentence for cases in which the new offense is also a serious or violent felony, unless the prosecutor pleads and proves an enumerated disqualifying factor. (*Yearwood*, at p. 167.) In all other cases, a recidivist defendant will be sentenced as a second strike offender instead of a third strike offender. (*Yearwood*, at pp. 167-168.) The Reform Act "also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*Yearwood*, at p. 168.)

## II. Statement of the Case

In 2006, defendant was charged with one count of assault with a deadly weapon or with force likely to produce great bodily injury (§ 245, subd. (a)(1)). It was further alleged that defendant personally inflicted great bodily injury during the commission of the assault (§§ 12022.7, subd. (a), 1203, subd. (e)(3)). The information also alleged three prior strike convictions (§§ 667, subd. (b)-(i), 1170.12) and one prior serious felony conviction (§ 667, subd. (a)).

In 2007, following amendment of the information, defendant pleaded no contest to battery with the infliction of serious bodily injury (§§ 242, 243, subd. (d)). He also admitted that he had committed three prior strike convictions (§§ 667, subds. (b)-(i), 1170.12). After the trial court denied defendant's *Romero*[2] motion, it sentenced him to

---

[2]    *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

an indeterminate term of 25 years to life in state prison. In 2009, this court affirmed the judgment of conviction. (*People v. Ramirez* (Feb. 5, 2009, H032993) [nonpub. opn.].)

In 2013, defendant petitioned for the appointment of counsel and a finding of eligibility under section 1170.126. The trial court appointed counsel to represent defendant and set the matter for hearing. The prosecutor filed opposition to the resentencing petition and attached several documents from the original proceeding, including the preliminary hearing transcript, the probation officer's report, the opposition to defendant's *Romero* motion, and the transcript of the sentencing hearing. Defendant's disciplinary reports from the Department of Corrections and Rehabilitation were also attached.

Defendant requested a jury trial, which the trial court denied. Defendant also filed a response to the prosecution's opposition to his petition for resentencing. Following a hearing, the trial court summarized defendant's criminal history. The trial court noted that there was some question as to whether defendant was eligible for resentencing, but stated that it was assuming that defendant was eligible for resentencing. The trial court concluded that the prosecution had met its burden of proving that defendant would pose an unreasonable risk of danger to the public, and thus denied his petition for resentencing.

### III.    Statement of Facts

The following summary is taken from the preliminary hearing. On the evening of November 17, 2004, defendant came to the house where Lon Belcher was helping a friend install a ceiling fan. Defendant asked Belcher to go into the street with him because he wanted to talk to him. At the time, Belcher considered defendant a friend. Belcher exited the house and told defendant that he was not going to follow him into the street. Defendant then told Belcher that he wanted to fight. After defendant punched Belcher, Belcher threw a punch back. The fight continued "for a couple of seconds," and then defendant stabbed Belcher. Belcher did not use any weapons before defendant

3

stabbed him.  Belcher was eventually stabbed five times.  Belcher's lungs were punctured and his arm was sliced.  He was also stabbed across his abdomen.  Defendant fled the scene when Belcher's friends exited the house.  Belcher was taken to the hospital where he developed peritonitis and had his colon removed.

## IV.    Discussion

At this court's request, the parties briefed the issue of whether defendant was eligible for resentencing under section 1170.126, subdivision (e).

A prisoner's petition to recall his or her sentence must state "all of the currently charged felonies, which resulted in the [third strike life sentence]" and "all of the prior [strike] convictions . . . ."  (§ 1170.126, subd. (d).)  The trial court must then determine whether the prisoner has satisfied the requirements set forth in subdivision (e) of section 1170.126.  (§ 1170.126, subd. (f).)  A prisoner is eligible for resentencing if:  (1) he or she is currently serving a third strike life term for conviction of a felony or felonies that are not defined as serious and/or violent felonies by section 667.5, subdivision (c) or section 1192.7, subdivision (c); (2) the "current sentence was not imposed for any of the offenses" listed in section 667, subdivision (e)(2)(C)(i)-(iii) or section 1170.12, subdivision (c)(2)(C)(i)-(iii); and (3) none of the prisoner's prior convictions are listed in section 667, subdivision (e)(2)(C)(iv) or section 1170.12, subdivision (c)(2)(C)(iv).  (§ 1170.126, subd. (e).)  If the prisoner has met these requirements, the trial court shall resentence him or her, "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (f).)

Defendant first contends that any finding of ineligibility has been waived.  We disagree.  The prosecutor argued that defendant was ineligible for resentencing in opposition to defendant's petition.  The trial court did not rule on this question, but

4

assumed that he was eligible. Thus, the prosecutor preserved the issue on appeal. (See *People v. Thompson* (1988) 205 Cal.App.3d 1503, 1508.)

At issue is whether defendant's current sentence was imposed for any of the offenses appearing in section 667, subdivision (e)(2)(C)(i)-(iii) or section 1170.12, subdivision (c)(2)(C)(i)-(iii). Here, the record of conviction establishes that defendant was ineligible for resentencing, because "[d]uring the commission of the current offense, the defendant . . . was armed with a . . . deadly weapon . . . ." (§§ 667, subd. (e)(2)(C)(iii) & 1170.12, subd. (c)(2)(C)(iii).) The phrase "armed with a . . . deadly weapon" is not defined in either section 667 or section 1170.12. In interpreting a voter initiative such as the Reform Act, we apply the same rules of construction employed for interpreting statutes. (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We first consider " 'the language of the statute, giving the words their ordinary meaning.' [Citation.]" (*Ibid.*) A person is armed when the weapon is " ' 'available for use, either offensively or defensively.' ' " (*People v. Pitto* (2008) 43 Cal.4th 228, 236; see also CALCRIM No. 3130.) In the present case, the record of conviction establishes that defendant stabbed the victim five times with a knife. Since defendant was armed with a deadly weapon when he committed the current offense, he failed to establish that he was eligible for resentencing.

Defendant contends that he was eligible for resentencing, because the prosecutor failed to plead and prove that he was armed with a deadly weapon in the current offense.

We recently held in *People v. Chubbuck* (2014) 231 Cal.App.4th 737 (*Chubbuck*) that a prosecutor is not required to plead and prove any of the disqualification factors set forth in section 1170.126. (*Chubbuck*, at p. 740.) *Chubbuck* agreed with the analysis in *People v. White* (2014) 223 Cal.App.4th 512 (*White*), *People v. Osuna* (2014) 225 Cal.App.4th 1020, *People v. Blakely* (2014) 225 Cal.App.4th 1042 (*Blakely*), *People v. Elder* (2014) 227 Cal.App.4th 1308, and *People v. Brimmer* (2014) 230 Cal.App.4th 782. (*Chubbuck*, *supra*, at p. 745.)

5

However, defendant urges this court to reconsider *Chubbuck*. Defendant first quotes section 1170.126, subdivision (a), which provides: "The resentencing provisions under this section and related statute are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." Noting that section 667, subdivision (e)(2)(C)(iii) and section 1170.12, subdivision (c)(2)(C)(iii) require the prosecutor to plead and prove that he was armed with a deadly weapon during the commission of the current offense, he argues that the pleading and proof requirement applies to prisoners seeking resentencing under the Reform Act. However, as we reasoned in *Chubbuck*, "the Reform Act explicitly distinguishes between the procedures applicable to resentencing and the procedures applicable prospectively, to defendants who are being sentenced for a new offense. 'Under the *prospective* part of the Act, a defendant whose third strike is not a serious or violent felony shall receive a second strike sentence "unless the prosecution pleads and proves" any of the four exceptions. (Pen. Code, §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) In contrast, under the *retrospective* part of the Act, after a defendant petitions for resentencing, "the court shall determine" if any of the exceptions apply. (Pen. Code, § 1170.126, subd. (f).)' [Citation.] '[T]he pleading and proof requirement plainly is a part of only the *prospective* part of the Reform Act, which governs the *sentencing* of a *defendant* with "two or more prior serious and/or violent felony convictions" who has suffered a third felony conviction; it is *not* a part of section 1170.126, the *retrospective* part of the Reform Act that governs a petition for *resentencing* brought by an *inmate* already serving a life sentence under the Three Strikes law.' [Citation.]" (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 746.) Defendant fails to recognize this distinction and thus does not persuade us that the analysis in *Chubbuck* is wrong.

Defendant next contends that pleading and proof is required because the sentence must be imposed for the "fact" of being armed with a deadly weapon. Relying on *Apprendi v. New Jersey* (2000) 530 U.S. 466, defendant argues that "it is now indisputably a fundamental principle of our constitutional jurisprudence that a sentence cannot be imposed for a particular aggravated crime or enhancement unless the facts giving rise to the aggravation or enhancement have been pleaded and either proved to a jury beyond a reasonable doubt, or admitted by the defendant." This argument was rejected in *Blakely*, *supra*, 225 Cal.App.4th 1042. *Blakely* reasoned: "A finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed. In the case of a third strike offender such as defendant, that sentence is the indeterminate term of 25 years to life in prison that the trial court permissibly imposed at the time defendant was convicted of his current offense, 'solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. [Citations.]' [Citation.] The trial court's determination in the section 1170.126 proceeding that defendant was armed with a firearm during the commission of his current offense did not increase the penalty to which defendant was already subject, but instead disqualified defendant from an act of lenity on the part of the electorate to which defendant was not constitutionally entitled." (*Id.* at pp. 1061-1062.) We find the analysis of *Blakely* persuasive and reject defendant's contention.

Defendant also focuses on the term "offenses" in section 1170.126, subdivision (e). It provides, in relevant part, that "[a]n inmate is eligible for resentencing if: [¶] . . . [¶] (2) [t]he inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) Defendant points out that clause (iii) describes facts relating to an offense rather than an

offense. He then argues that "when the electorate specified exclusion from eligibility for resentencing if '[t]he inmate's current sentence was . . . imposed for any [offense] appearing in clause . . . (iii) . . . ,' it could only have meant a sentence imposed on a current offense where it was pled and proved that the defendant was armed or intended to inflict great bodily injury during the commission of the offense." We disagree.

Section 667, subdivision (e)(2)(C)(iii) and section 1170.12, subdivision (c)(2)(C)(iii) provide: "During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." Thus, the reference to "offenses" in section 1170.126, subdivision (e)(2) is to the "current offense," that is, the offense for which he or she is currently serving an indeterminate sentence and does not mention that the facts relating to that offense must have been pleaded and proven. As we stated in *Chubbuck*: "While section 1170.12, subdivision (e)(2) 'expressly cross-references "clauses (i) to (iii), inclusive" of [sections] 667(e)(2)(C) and 1170.12(c)(2)(C), nothing in the language of section 1170.126(e)(2) or of any of the other subdivisions of section 1170.126(e)(2) governing an inmate's petition for resentencing relief under the Reform Act references the plead-and-prove language.' (*White*, *supra*, 223 Cal.App.4th at pp. 526-527.)" (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 747.)

Defendant next argues that "courts are obligated to construe any ambiguity in a penal statute in a manner that avoids constitutional problems," and thus "[j]udicial fact-finding in the present case about the nature of the 'current' conviction is constitutionally dubious . . . ." *Chubbuck* found no merit in this argument: "[W]e find no ambiguity as to whether section 1170.126, subdivision (e)(2) incorporates the pleading and proof requirements of section 1170.12, subdivision (c)(2)(C). As explained above, the Reform Act explicitly distinguishes between the procedures applicable to resentencing and the procedures applicable to defendants who are being sentenced for a new offense, and section 1170.126, subdivision (e)(2) only 'expressly cross-references "clauses (i) to (iii),

inclusive" of [sections] 667(e)(2)(C) and 1170.12(c)(2)(C),' not any other provisions of those statutes. [Citation.]" (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 747.) We agree with *Chubbuck* on this point.

Defendant also urges this court to apply "the rule of lenity" to support his interpretation of section 1170.126, subdivision (e)(2). We reject this argument. As *Chubbuck* concluded: "[T]he rule of lenity 'applies " 'only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule.' " [Citation.]' [Citation.] As stated above, we find no ambiguity as to whether section 1170.126, subdivision (e)(2) incorporates the pleading and proof requirements of section 1170.12, subdivision (c)(2)(C)." (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 748.)[3]


## V. Disposition

The order is affirmed.

---

[3] Defendant also argues that the analysis in *Blakely*, *supra*, 225 Cal.App.4th 1042 is flawed on a point not discussed in either *Chubbuck*, *supra*, 231 Cal.App.4th 737 or *White*, *supra*, 223 Cal.App.4th 512. According to defendant, *Blakely* relied on "the inclusion of 'intent to inflict great bodily injury' as indicative of no pleading and proof requirement." We need not consider this argument, because we have concluded that the record of conviction established that defendant was armed with a deadly weapon when he committed the current offense and thus was ineligible for resentencing. For the same reason, we do not consider his contentions relating to the trial court's finding that he posed an unreasonable risk of danger to the public.

_____

Mihara, J.

WE CONCUR:


_____

Elia, Acting P. J.


_____

Bamattre-Manoukian, J.

10