Filed 12/1/15  P. v. Vasquez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESUS MANUEL VASQUEZ,<br><br>    Defendant and Appellant. | F068959<br><br>(Super. Ct. No. MCR13764)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Mitchell C. Rigby, Judge.

Gordon S. Brownell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez, Ivan P. Marks and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

# INTRODUCTION

The Three Strikes Reform Act of 2012 (Proposition 36) permits third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies to petition for resentencing. (Pen. Code, § 1170.126 et seq.) [1] If a petitioning offender satisfies the statute's eligibility criteria, the petitioner will be resentenced as a second strike offender "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Following the enactment of Proposition 36, defendant filed a petition for resentencing. The trial court, however, found defendant statutorily ineligible for resentencing and denied the petition. On appeal, defendant contends the superior court erred by denying his petition for resentencing, as unlawful possession of a firearm is not a disqualifying offense under Proposition 36. We affirm.

# FACTS

On October 1, 2002, defendant, a convicted felon, was twirling a handgun on his finger when he accidentally shot Michael Gamboa in the leg. On February 5, 2003, a jury found defendant guilty of unlawful possession of a firearm by a felon (count 2) and unlawful possession of ammunition by a felon (count 3). The trial court sentenced defendant as a third strike offender to a term of 25 years to life in prison.

On May 8, 2013, defendant filed a petition for resentencing under Proposition 36. Following a hearing on defendant's petition, the superior court found defendant statutorily ineligible for resentencing on the basis of the fact he was armed during the commission of his unlawful possession of a firearm offense. This appeal followed.

---

[1]     Unless otherwise indicated, all statutory references are to the Penal Code.

## DISCUSSION

Defendant argues his conviction for unlawful possession of a firearm does not disqualify him from resentencing under Proposition 36, as the conviction was not "imposed for" any of the disqualifying offenses enumerated within Proposition 36. We disagree.

Under Proposition 36, an inmate is not eligible for resentencing if the inmate's current conviction was "imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) Among the crimes covered under those clauses are any offenses where the defendant, during the commission of the offense, "used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 667, subd. (e)(2)(C)(iii); § 1170.12, subd. (c)(2)(C)(iii).) Thus, in *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029 (*Osuna*), we held an inmate is statutorily ineligible for resentencing if the inmate was armed with a firearm during the commission of his or her current offense.

While defendant acknowledges this court's holding in *Osuna*, as well as similar holdings in this court's opinions in *People v. White* (2014) 223 Cal.App.4th 512, *People v. Blakely* (2014) 225 Cal.App.4th 1042, and *People v. Elder* (2014) 227 Cal.App.4th 1308, defendant contends those cases were wrongly decided and invites us to revisit their holdings in the instant case. We decline to do so. All the arguments advanced by defendant are addressed and rejected in this court's decision in *Osuna*, and we find those rejections apply with equal force to the arguments in this case.

Most specifically, defendant devotes much of his brief to arguing that unlawful possession of a firearm is not an enumerated offense under Proposition 36, while being armed with a firearm is not an offense at all, so his current sentence was not "imposed for" any enumerated offense, even if he was armed. We discussed an identical argument

3.

in great detail in *Osuna*, and found an offense committed while armed with a firearm is a disqualifying offense within the meaning of section 1170.126, subdivision (e)(2). (*Osuna*, *supra*, 225 Cal.App.4th at pp. 1022-1038.)

Defendant also contends that his interpretation of Proposition 36 is favored under the rule of lenity. We rejected this argument in *Osuna* as well, noting the rule of lenity only applies to cases involving egregious statutory ambiguity, whereas in this case, "[a]n examination of the statutory scheme as a whole supports the conclusion the phrase '[d]uring the commission of the current offense, the defendant ... was armed with a firearm,' as used in sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii), and as disqualifies an inmate from resentencing pursuant to section 1170.126, subdivision (e)(2), extends to situations in which the defendant was convicted of violating section 12021 but also had the firearm he or she was convicted of possessing available for use, either offensively or defensively." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1035.)

As we remain firm in our belief that *Osuna* accurately states the law with regard to disqualifying offenses under Proposition 36, defendant's claims to the contrary must be rejected.

## DISPOSITION

The judgment is affirmed.

4.