Filed 4/18/16  P.v. Whisenant CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C077363 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F01583) |
| v. | |
| CHRISTOPHER WHISENANT, | |
| Defendant and Appellant. | |

Defendant Christopher Whisenant appeals from an order after judgment.  (Pen. Code, § 1237, subd. (b).)[1]  The trial court denied defendant's petition under section 1170.126 to recall his third strike sentence of 25 years to life and resentence him as a second strike offender.  Defendant argued in his petition for resentencing that his underlying commitment offense (felon in possession of a firearm) did not make him ineligible for resentencing.  The trial court disagreed, finding that defendant was armed with a firearm based on the record of his conviction.

---

[1] Undesignated section references are to the Penal Code.

1

Defendant renews his arguments on appeal and contends the order must be reversed and the matter remanded for further proceedings. We conclude that the trial court did not err in concluding that defendant was "armed"—he had a gun available for offensive or defensive use during his possession offense.

## I. BACKGROUND

"On the night of April 2, 2005, [Nolan Jay] Bush, [defendant,] and Benny Ramos . . . were in a Chevrolet Blazer that was pulled over after a sheriff's deputy heard gunshots, then saw the Blazer coming from the direction of the gunshots. The Blazer contained a ballistic vest, or 'body armor,' and a loaded pistol magazine. Three loaded pistols of different calibers were found by the road along the route between where the deputy began following the Blazer and where he stopped it. Five bullets of unusual caliber were found in the patrol car Bush had been in, and they fit one of the guns found by the roadside. The magazine found in the vehicle fit a different gun found by the road. All three men had felony convictions." (*People v. Whisenant* (Feb. 9, 2010, C058320) [nonpub. opn.] at p. 2 (*Whisenant I*).)

In 2007, a jury convicted defendant of felon in possession of a firearm and felon in possession of ammunition. The trial court found two strike priors and two prior prison terms to be true. In 2008, defendant was sentenced to state prison for 25 years to life. (*Whisenant I, supra*, C058320 at p. 1.)

On February 21, 2014, defendant filed a petition for recall of his sentence and resentencing pursuant to section 1170.126. He argued his commitment offenses were neither serious nor violent felonies and that his release would not pose an unreasonable risk of danger to public safety.

On September 12, 2014, the trial court denied defendant's petition and issued a written ruling. The trial court had "considered the trial record . . . as summarized" in this court's unpublished opinion, affirming the judgment, as well as the "parties' respective briefs." The parties' respective briefs outlined some of the testimony at defendant's trial.

2

In addition to the facts previously recounted from this court's unpublished opinion, the trial transcript reflects that the deputy patrolling the area heard two to three gunshots coming from within a couple hundred yards, heard a car, and in 10 to 15 seconds, saw the Blazer. He had seen no other cars or pedestrians on the road. The trial court ruled: "A factor rendering a defendant ineligible for resentencing under Prop 36 [the Three Strikes Reform Act of 2012, or the Act] is if, '. . . during the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.' [Citations.] The 'current offense' is the offense that resulted in the imposition of the indeterminate sentencing bringing Prop 36 into play. The statute calls for a factual determination by the trial court as to whether petitioner was armed with a firearm or deadly weapon 'during the commission' of the offense based on a review of the record of conviction, including consideration of the facts of the case as set forth in any Court of Appeal decision relative to the underlying case. [Citations.] Since the determination by the court is a purely retrospective legal call defendant is not entitled to a formal evidentiary hearing. [Citation.] [¶] As noted, defendant's current offense includes a conviction for being a felon in possession of a firearm. The Court finds, based on the record herein, that defendant was 'armed' during the commission of the current offense. He is therefore ineligible for resentencing under [sections] 667[, subdivision] (e) and 1170.12[, subdivision] (c). [Citations.]"

## II. DISCUSSION

Defendant contends the trial court erred in finding extra facts in determining that he was ineligible for resentencing. Defendant argues the trial court found he was *armed* with a firearm, which had been neither pled nor proven to the jury that had convicted him of being a felon in *possession* of a firearm. We do not find any error.

A defendant who is serving an indeterminate term of life in prison pursuant to the Three Strikes Law for felonies that are neither serious nor violent may file a petition for recall and resentencing. (§ 1170.126, subd. (b).) A defendant is not eligible for recall

and resentencing if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 1170.12, subd. (c)(2)(C)(iii), 667, subd. (e)(2)(C)(iii); see § 1170.126, subd. (e)(2).)

Defendant argues that the law distinguishes arming from mere possession and that possession cannot serve as a "tethering offense" for a finding that he was armed to render him ineligible for resentencing. We are not persuaded.

"Armed with a firearm" under the Act means having a firearm available for offensive or defensive use and a tethering offense is not required. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029, 1032, 1034 (*Osuna*); see also *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312 (*Elder*).) The trial court considers the "record of conviction" to decide whether a defendant is eligible for resentencing. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338-1339.)

Here, a deputy sheriff heard two to three gunshots, saw a Blazer within 10 to 15 seconds coming from the direction of the gunshots, followed it, pulled it over, and found defendant and two other men. Three loaded pistols were found on the road along the route the Blazer traveled after the gunshots. Even though defendant did not have a gun on his person when he was arrested, the jury found that defendant possessed the firearm. "A conviction for possession of a gun must be based on intentional actual or constructive possession of the gun [citation], not merely walking nearby [citation]." (*Elder, supra*, 227 Cal.App.4th at p. 1313; see also *Osuna, supra*, 225 Cal.App.4th at p. 1032; *People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1011-1018; *People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, 984-985, 989-995.) Contrary to defendant's claim, substantial evidence supports the trial court's finding that defendant had the firearm available for offensive or defensive use during the commission of the offense. Defendant had the firearm available for immediate use in connection with and during his possession. Thus, he was "armed" during his possession of the firearm.

4

The Act does not contain a pleading and proof requirement so it matters not that "arming" was not pled or proven. (*Elder, supra*, 227 Cal.App.4th at pp. 1314-1315; *Osuna, supra*, 225 Cal.App.4th at pp. 1033-1034, 1038.) Further, contrary to his claim, "[b]ecause a determination of eligibility under section 1170.126 does not implicate the Sixth Amendment [right to have any fact which aggravates penalty for crime found by a jury beyond a reasonable doubt], a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence." (*Osuna, supra*, at p. 1040.) Defendant was ineligible for recall and resentencing under the Act.

## III.  DISPOSITION

The order denying recall and resentencing is affirmed.

/S/

RENNER, J.

We concur:

/S/

RAYE, P. J.

/S/

ROBIE, J.

5