Filed 6/29/16  P. v. Mendez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B268373 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA034090) |
| v. | |
| GABRIEL ACEVEDO MENDEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Gabriel Acevedo Mendez (Mendez) appeals from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36, approved by the voters on November 6, 2012, amending Penal Code sections 667 and 1170.12,[1] and adding section 1170.126 (the Act). (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1010.) He contends the trial court erred when it found him ineligible because he was armed with a firearm during the commission of his final strike offense in 1997. We find no error, and we affirm.

A jury convicted Mendez of the felony of unlawful possession of a firearm by a felon (former § 12021, subd. (a)(1)) and the misdemeanor of drawing or exhibiting a firearm (§ 417, subd. (a)(2)). The trial court also found true that Mendez had suffered five serious and violent felony convictions under the "Three Strikes" law, and sentenced him to 27 years to life in state prison. Mendez appealed and we affirmed. (*People v. Mendez* (Nov. 4, 1999, B126744) [nonpub. opn.].) We described the facts of the case as follows: "Defendant and an individual named Torrez had once upon a time exchanged blows in a bar. Defendant later apologized. On the night of defendant's downfall, he encountered Torrez in the same bar and again apologized. But his contrition was quite short-lived. A few minutes later, Torrez went outside for a breath of air. Defendant walked out of the bar and pointed a handgun at Torrez' face. Torrez ran into the bar and called police. Defendant and a friend tried to drive away from the scene, but were stopped by police who arrested defendant and recovered the gun. Defendant was intoxicated."

In February 2013, Mendez petitioned for a recall of his sentence, and the trial court filed an order to show cause why relief should not be granted. The district attorney filed an opposition arguing Mendez was ineligible for resentencing because he was armed with a firearm during the commission of his offense and unsuitable for resentencing, as an unreasonable danger to society and public safety. (§§ 667, subd. (e)(2)(C)(iii); 1170.126, subds. (e)(2), (f).) Mendez filed a reply addressing the eligibility issue, citing

---

[1] All further statutory references are to the Penal Code.

California case law regarding the "'arming'" provision. At a November 16, 2015 hearing, the trial court concluded Mendez was legally ineligible, as he was armed with a firearm during the commission of his possession offense. The court denied Mendez's petition to recall, and Mendez filed a timely appeal.

An inmate is eligible for resentencing under section 1170.126, subdivision (e)(2) if "[t]he inmate's current sentence was not imposed for any of the offenses appearing in . . . clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Those sections prohibit treating a third striker as a second striker for purposes of sentencing if "[d]uring the commission of the current offense, the defendant used a firearm, *was armed with a firearm* or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), italics added.) Citing principles of statutory construction and voter intent, Mendez argues he was not armed at the time of the commitment of the offense, reasoning that a conviction of felon in possession cannot be the basis of an armed finding, as being armed is an element of a possession offense. Mendez also argues that being armed with a firearm must be "tethered" to another offense before the crime renders a defendant ineligible for resentencing.

All case authority rejects Mendez's arguments. The appellate courts have concluded that a defendant is ineligible for resentencing whenever the record shows the defendant was in actual physical possession of the firearm, and therefore not only possessed the firearm but was armed with it. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 283–284; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312–1314, 1317; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030; *People v. White* (2014) 223 Cal.App.4th 512, 525.) A defendant is armed with a firearm if it is "readily available to him for offensive or defensive use." (*Osuna*, at p. 1030; *People v. Bland* (1995) 10 Cal.4th 991, 997.) The firearm was readily available for Mendez's use when he pulled it out and pointed it at

3

Torrez's face. Mendez was thus armed with a firearm during his commission of the offense of being a felon in possession of a firearm.

"Where, as here, the record shows that a defendant convicted of possession of a firearm was armed with the firearm during the commission of the offense, the armed with a firearm exclusion applies and the defendant is not entitled to resentencing . . . under the Act." (*People v. Brimmer*, *supra*, 230 Cal.App.4th at p. 797.) We reject Mendez's contention that the electorate and their legislators do not see this crime as one of the more dangerous crimes that require lengthy detention. The intent of the electorate was for Proposition 36 to apply "only to those who were perceived as nondangerous or posing little or no risk to the public. A felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use, simply does not pose little or no risk to the public." (*People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1038.)

The trial court correctly denied Mendez's recall petition.

### DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.

4