Filed 6/2/15  P. v. Houston CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEVIN HOUSTON,<br><br>    Defendant and Appellant. | B259922<br><br>(Los Angeles County<br>Super. Ct. No. MA015934) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Following a 1999 jury trial, defendant and appellant, Kevin Houston, was found guilty of receiving stolen property and being a felon in possession of a firearm (Pen. Code, §§ 496, former 12021).[1] Based on the existence of prior serious felony convictions under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), the trial court sentenced Houston to a term of 25 years to life in state prison. (The judgment was affirmed on appeal in *People v. Houston* (Oct. 19, 2000, B135437) [nonpub. opn.]).

On November 13, 2012, following the passage of Proposition 36,[2] Houston, acting in propria persona, filed a petition for recall of his sentence. On January 22, 2013, the trial court denied the petition on the ground Houston had a prior conviction that rendered him ineligible for resentencing. Houston did not appeal this ruling.[3] On October 14, 2014, this time acting through counsel, Houston filed a second petition for recall of his sentence. On October 22, 2014, the trial court denied this petition, ruling Houston was disqualified from recall because he had a sexually violent prior conviction, as well as a current conviction for an offense during the commission of which he was armed. Houston filed a timely notice of appeal from this ruling.

We appointed counsel to represent Houston on appeal. After reviewing the record, counsel filed an opening brief requesting this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. We directed counsel to send the record on appeal and a copy of the opening brief to Houston, and notified Houston that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. Houston has not filed a supplemental brief.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     The passage of Proposition 36 resulted in the enactment of section 1170.126.

[3]     A trial court's denial of a petition to recall a sentence pursuant to section 1170.126 is an appealable order under section 1237, subdivision (b). (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) The trial court noted Houston's proper remedy would have been to appeal this ruling, but the court reached the merits of Houston's subsequent appeal (see *post*) in the interests of judicial economy, and we will do likewise.

We have examined the entire record and determined that, as the trial court found, Houston is ineligible for a reduction of his sentence under Proposition 36 because he has both a disqualifying current conviction and a disqualifying prior conviction.

As we explained in *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279: "On November 6, 2012, voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act). Under the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) as it existed prior to Proposition 36, a defendant convicted of two prior serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a third felony. Under the Act, however, a defendant convicted of two prior serious or violent felonies is subject to the 25-year-to-life sentence only if the third felony is *itself* a serious or violent felony. If the third felony is not a serious or violent felony, the defendant will receive a sentence as though the defendant had only one prior serious or violent felony conviction, and is therefore a second strike, rather than a third strike, offender. The Act also provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction. According to the specific language of the Act, however, a current inmate is not entitled to resentencing if it would pose an unreasonable risk of danger to public safety." (*Id*. at pp. 1285-1286, fn. omitted.) "[T]here are two parts to the Act: the first part is *prospective* only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony (Pen. Code, §§ 667, 1170.12); the second part is *retrospective*, providing *similar, but not identical*, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony (Pen. Code, § 1170.126)." (*Id*. at p. 1292.)

3

Subdivision (e)(2) of section 1170.126 provides that an inmate who is otherwise qualified for resentencing is only eligible if "[t]he inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Clause (iii) of each statute sets forth the same disqualifying condition: "During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person."

One of Houston's current convictions was for being a felon in possession of a firearm (former § 12021). Although "not *every* commitment offense for unlawful possession of a gun *necessarily* involves being armed with the gun, if the gun is not otherwise available for immediate use in connection with its possession, e.g., where it is under a defendant's dominion and control in a location not readily accessible to him at the time of its discovery," (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1313-1314), in this case the evidence at trial was that Houston had the firearms in his garage and that he transferred possession of them to an undercover police officer. This demonstrated Houston was both "in possession of" and "armed with" the guns that were the basis for his conviction of violating former section 12021 and, therefore, ineligible for Proposition 36 resentencing. (See *People v. Elder, supra,* at pp. 1312-1314; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 794-795 [arming "requires only that the defendant is aware during the commission of the offense of the nearby presence of a gun available for use offensively or defensively, the presence of which is not a matter of happenstance"].)

In addition, Houston is disqualified for resentencing due to the nature of one of his prior convictions. In 1982, Houston was convicted of forcible rape in concert (§ 264.1). Subdivision (e)(3) of section 1170.126 provides that an inmate who is otherwise qualified for resentencing is only eligible if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of

4

Section 1170.12." Both section 667, subdivision (e)(2)(C)(iv)(I), and section 1170.12, subdivision (c)(2)(C)(iv)(I), include the following category: "A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."

Welfare and Institutions Code section 6600, subdivision (b), defines a "sexually violent offense" as any one of several enumerated offenses, including section 264.1, "when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person." (Welf. & Inst. Code, § 6600, subd. (b).) Section 264.1 itself is committed when "the defendant, voluntarily acting in concert with another person, by force or violence and against the will of the victim, commit[s a specified sexual assault[4]] either personally or by aiding and abetting the other person." (§ 264.1, subd. (a).) Hence, section 264.1 is a sexually violent prior conviction that amounts to a disqualifying prior conviction for Proposition 36 resentencing purposes.

We are satisfied that defense counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278 [120 S.Ct. 746]; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

---

[4]     Section 264.1 specifies rape (§ 261), spousal rape (§ 262) and forcible sexual penetration (§ 289).

**DISPOSITION**

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



KITCHING, J.




ALDRICH, J.


6