Filed 7/7/15  P. v. Smith CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICK MICHAEL SMITH,<br><br>    Defendant and Appellant. | H040165<br>(Monterey County<br>Super. Ct. No. SS972634A) |

In 1998, defendant Patrick Michael Smith was convicted by a jury of one count of being a felon in possession of a firearm (former Pen. Code, § 12021.1)[1] and one count of illegal possession of ammunition (former § 12316, subd. (b)(1)).  In a bifurcated proceeding, the trial court found true the allegations that Smith had four strike prior convictions (§ 1170.12, subd. (c)(2)) and had served three prior prison terms (§ 667.5, subd. (b)).  Smith was sentenced under the Three Strikes law to an aggregate indeterminate term of 28 years to life, consisting of 25 years to life for the firearm conviction and 25 years to life, stayed, for the ammunition conviction, plus three years for the enhancements.

In 2013, Smith filed a petition for resentencing under the Three Strikes Reform Act of 2012, passed by the voters as Proposition 36.  The trial court denied the petition, finding that Smith's current conviction made him ineligible for resentencing because he had been "armed with a firearm" during its commission.  A defendant is ineligible for

_____

[1] Unspecified statutory references are to the Penal Code.

resentencing under section 1170.126 where, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).)

On appeal, Smith argues the superior court erred in finding him ineligible because (1) the arming factor was not pleaded and proved at the time of his conviction, and (2) there was no "tethering" offense to which the arming factor applied.

We find no error and will affirm the order.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

"Salinas Police Officer Raphael Villalvaso responded to the scene of a shooting. He stopped a van driven by Jesse Ballesteros. Ballesteros carried three passengers: Humberto Estrada; Mondo [*sic*][3] Levario; and [Smith]. Officer Villalvaso asked Ballesteros whether any weapons or narcotics were in the van. Ballesteros said 'maybe' and 'there might be a gun in the car' and then consented to a search of the van. Officer Villalvaso found a loaded gun under the right front seat. In an interview, Ballesteros told Officer Villalvaso that, when the van was stopped, [Smith] exclaimed, '[O]h, shit, I have a gun.'

"Ballesteros visited [Smith] in jail after [Smith] had telephoned Ballesteros's mother. [¶] . . . [¶]

"In his testimony, Ballesteros admitted knowing [Smith] for six to eight years and becoming friends with him; he denied making the statements to Officer Villalvaso which

_____

[2] We take the facts of Smith's underlying conviction from our opinion in his prior appeal (*People v. Smith* (Oct. 8, 1999, H018396) [nonpub. opn.]), and from the record in that appeal, of which we take judicial notice. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[3] At trial, Levario took the witness stand and testified that his name was spelled "Mando," not "Mondo." Even so, his name was repeatedly thereafter transcribed "Mondo."

incriminated [Smith], he admitted knowing that [Smith] was a member of the Salinas East Market street gang and that Levario claimed to be a member; and he testified that being a 'snitch' could 'cause problems.' In their testimony, Levario and Estrada denied having heard [Smith] say that he had a gun."

*Petition for resentencing*

On April 5, 2013, Smith, acting in propria persona, filed a petition for recall of sentence under section 1170.126. Following a hearing, the trial court denied the petition finding that Smith was armed with a firearm during the commission of his current conviction and was thus ineligible for resentencing under sections 1170.12, subdivision (c)(2)(C)(iii) and 1170.126, subdivision (e)(2).

This appeal followed.

## II.     DISCUSSION

### A.     *The Three Strikes Reform Act*

In the November 6, 2012 election, California voters approved Proposition 36, the so-called Three Strikes Reform Act of 2012 (Reform Act). Prior to the passage of Proposition 36, the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) required that a defendant convicted of two prior serious or violent felonies be subject to a sentence of 25 years to life upon conviction of a third felony. As amended by the Reform Act, section 1170.12, subdivision (c)(2)(C), and section 667, subdivision (e)(2)(C), now mandate that a defendant with two or more strikes who is convicted of a felony that is neither serious nor violent be sentenced as a second strike offender unless "the prosecution pleads and proves" one or more disqualifying factors.

The Reform Act also added section 1170.126, which allows eligible inmates who are currently subject to 25-years-to-life sentences under the Three Strikes law to petition the court for resentencing. "Section 1170.126, subdivisions (a) and (b), broadly describe who is eligible to file a petition and to be resentenced. Subdivision (a) of section 1170.126 states: 'The resentencing provisions under this section and related statutes *are*

3

*intended to apply exclusively* to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, *whose sentence under this act would not have been an indeterminate life sentence.*' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598 (*Teal*).) "Subdivision (b) of section 1170.126 states: 'Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies *that are not defined as serious and/or violent felonies* by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, *may file a petition for a recall of sentence. . . .*' " (*Id*. at p. 599.)

Subdivision (e) of section 1170.126 addresses eligibility more specifically. It provides that an inmate is "eligible for resentencing" if (1) he or she is "serving an indeterminate term of life imprisonment" imposed under the Three Strikes law "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies" and (2) his or her current and prior convictions are not for certain designated offenses. (§ 1170.126, subd. (e)(1); *Teal*, *supra*, 60 Cal.4th at p. 600.) An eligible prisoner "shall be resentenced" as a second strike offender unless the court determines that resentencing him or her "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

A.     *No pleading and proof requirement in resentencing proceedings*

Smith contends the "plain language" of the Reform Act does not permit a defendant to be found ineligible for resentencing due to the fact that, "[d]uring the commission of the current offense" he or she "was armed with a firearm," unless that fact was pleaded and proved when the defendant was convicted of the current offense. (§§ 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).) We disagree.

This court recently held in *People v. Chubbuck* (2014) 231 Cal.App.4th 737 (*Chubbuck*), that a prosecutor is not required to plead and prove *any* of the

4

disqualification factors set forth in section 1170.126. (*Chubbuck*, *supra*, at p. 740.) *Chubbuck* endorsed the analysis set forth in many other recent published decisions from our sister Courts of Appeal, such as *People v. White* (2014) 223 Cal.App.4th 512 (*White*), *People v. Osuna* (2014) 225 Cal.App.4th 1020 (*Osuna*), *People v. Blakely* (2014) 225 Cal.App.4th 1042 (*Blakely*), *People v. Elder* (2014) 227 Cal.App.4th 1308, and *People v. Brimmer* (2014) 230 Cal.App.4th 782 (*Brimmer*). (*Chubbuck*, *supra*, at p. 745.)

As in the present case, the defendant in *Chubbuck* argued that " 'a fair reading' " of the Reform Act " 'compels a conclusion' that the pleading and proof language of section 1170.12, subdivision (c)(2)(C) applies to the disqualifying factors referenced in section 1170.126, subdivision (e)(2)." (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 746.) In other words, because the Reform Act expressly requires the prosecution to plead and prove the disqualifying factors at the initial sentencing of a potential third strike defendant, the prosecution must also plead and prove the disqualifying factors for anyone seeking resentencing under the Reform Act. *Chubbuck* expressly rejected this argument, pointing out that the Reform Act "explicitly distinguishes between the procedures applicable to resentencing and the procedures applicable prospectively, to defendants who are being sentenced for a new offense." (*Ibid.*)

Smith next argues his current third strike sentence was imposed for being a felon in possession of a firearm, and was not imposed for being armed with a firearm which is one of "the offenses appearing in . . . clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) Noting that clause (iii) describes only "a *fact* relating to an unspecified generic offense," that is, that "[d]uring the commission of the current offense, the defendant was armed . . . with a . . . firearm," Smith claims that the provision can be construed as describing an "offense," *only* if it is read in conjunction with the pleading and proof language of section 1170.12, subdivision (c)(2)(C).

5

*Chubbuck* rejected this same argument: "While section 1170.12, subdivision (e)(2) 'expressly cross-references "clauses (i) to (iii), inclusive" of [sections] 667[, subdivision] (e)(2)(C) and 1170.12[, subdivision] (c)(2)(C), nothing in the language of section 1170.126[, subdivision] (e)(2) or of any of the other subdivisions of section 1170.126 governing an inmate's petition for resentencing relief under the Reform Act references the plead-and-prove language.' " (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 747, quoting *White*, *supra*, 223 Cal.App.4th at pp. 526-527.)

Citing *Apprendi v. New Jersey* (2000) 530 U.S. 466, Smith further contends it is unconstitutional to impose a sentence "for a particular aggravated crime or enhancement unless the facts giving rise to the aggravation or enhancement have been pleaded and either proven to a jury beyond a reasonable doubt, or admitted by the defendant." This argument was rejected in *Blakely*, *supra*, 225 Cal.App.4th 1042, which reasoned: "A finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed. In the case of a third strike offender such as defendant, that sentence is the indeterminate term of 25 years to life in prison that the trial court permissibly imposed at the time defendant was convicted of his current offense, 'solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.' " (*Id.* at p. 1061.) We agree that *Apprendi* does not apply to resentencing petitions under the Reform Act.

Smith also argues that "courts are obligated to construe any ambiguity in a penal statute in a manner which avoids constitutional problems" and thus "judicial factfinding in the present case about the nature of the 'current' conviction is constitutionally dubious."

This reasoning was addressed and rejected in *Chubbuck*: "[W]e find no ambiguity as to whether section 1170.126, subdivision (e)(2) incorporates the pleading and proof requirements of section 1170.12, subdivision (c)(2)(C). As explained above, the Reform

6

Act explicitly distinguishes between the procedures applicable to resentencing and the procedures applicable to defendants who are being sentenced for a new offense, and section 1170.126, subdivision (e)(2) only 'expressly cross-references "clauses (i) to (iii), inclusive" of [sections] 667[, subdivision] (e)(2)(C) and 1170.12[, subdivision] (c)(2)(C),' not any other provisions of those statutes." (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 747.)

Smith next argues the Reform Act should be broadly and liberally construed to promote its legislative goals, i.e., to ensure that sentences of 25 years to life are reserved only for defendants whose current convictions are for violent or serious crimes and to save taxpayers' money by reducing the costs associated with lifelong incarceration of nonviolent offenders. Thus, he claims that "an interpretation of section 1170.126 which includes the 'pleading and proof' requirement for the resentencing exclusions clearly promotes the remedial goals of the initiative."

Smith has accurately stated two of the Reform Act's underlying remedial purposes. "However, the goals of the Reform Act included ensuring that ' "*dangerous criminals* serve their full sentences" ' (*Osuna*, *supra*, 225 Cal.App.4th at p. 1037), and the Reform Act explicitly included, as a factor disqualifying an inmate from resentencing, [those defendants who were armed with a deadly weapon]. . . . We are not persuaded that in order to effectuate the remedial purposes of the Reform Act, facts that disqualify an offense from resentencing eligibility must have been pleaded and proved in a prior proceeding, rather than determined by a judge at a resentencing eligibility proceeding. [¶] Although reducing sentences would save taxpayer money, we do not agree with defendant that this is a sufficient reason to impose a pleading and proof requirement on resentencing disqualification criteria. 'It is clear the electorate's intent was not to throw open the prison doors to *all* third strike offenders whose current convictions were not for serious or violent felonies, but only to those who were perceived as nondangerous or

7

posing little or no risk to the public.' " (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 748, quoting *Osuna*, *supra*, at p. 1038.)

Lastly, Smith argues "the rule of lenity" supports his interpretation of section 1170.126, subdivision (e)(2). However, "the rule of lenity 'applies " 'only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule.' " [Citation.]' [Citation.] As stated above, we find no ambiguity as to whether section 1170.126, subdivision (e)(2) incorporates the pleading and proof requirements of section 1170.12, subdivision (c)(2)(C)." (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 748.)

### C.    *No "tethering" requirement in resentencing proceedings*

Smith also argues he should be found eligible for resentencing because there was no "separate, 'tethering' felony offense" besides his mere possession of a firearm. In support of this argument, Smith cites several statutes which impose sentence enhancements for being armed "in the commission of the current offense" and notes that case law has uniformly held that those arming enhancements may be imposed only where there was a separate connected felony charge beyond simple possession of a firearm.

The arming enhancement statutes cited by Smith all use the phrase "in the commission of a felony or attempted felony"[4] whereas the Reform Act uses the phrase "[d]uring the commission of the current offense." (§ 1170.12, subd. (c)(2)(C).) The distinction makes a difference, as explained in *Osuna*, *supra*. "[U]nlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional

---

[4] The arming enhancement statutes cited by Smith are: section 12022, subdivision (a)(1) (one year enhancement for any person "armed with a firearm in the commission of a felony or attempted felony"); section 12022, subdivision (b)(1) (one year enhancement where person "personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony"); and section 12022.5, subdivision (a) (three, four or 10 year enhancement for person "who personally uses a firearm in the commission of a felony or attempted felony").

punishment to be imposed (italics added), the [Reform] Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '*during* the commission of' the current offense (italics added). 'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.' [Citation.] In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one. The two are not the same." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1032.) "Since the [Reform] Act uses the phrase '[d]uring the commission of the current offense,' and not in the commission of the current offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of the [Reform] Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Ibid*.; *Brimmer*, *supra*, 230 Cal.App.4th at pp. 798-799.) We find no fault with the analysis in *Osuna* and therefore conclude that the Reform Act does not mandate exclusion for resentencing only where there is a separate tethering felony in which the defendant is armed with a deadly weapon.

## III.    DISPOSITION

The order is affirmed.

_____

                           Walsh, J.[*]

WE CONCUR:

_____

     Rushing, P. J.

_____

     Elia, J.

People v. Smith
H040165

_____

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.