Filed 8/26/15  P. v Guggenmos CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHRISTOPHER JAMES GUGGENMOS,<br><br>    Defendant and Appellant. | G050648<br><br>(Super. Ct. No. 97NF1073)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Sheila Hanson, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Christopher James Guggenmos is currently serving a sentence of 25 years to life under the Three Strikes law. He contends the trial court erred in denying his petition for resentencing under Proposition 36. However, because appellant was armed with a firearm during his commitment offense, he is not eligible for resentencing. We therefore affirm the trial court's ruling.

FACTS AND PROCEDURAL BACKGROUND[1]

Knowing appellant was wanted for violating probation, the police contacted him in an Anaheim alley where he was working on his mother's car. After confirming his identity, they searched the car and found a loaded revolver underneath one of the seats. The gun was located only inches from where appellant was contacted. The police also found 16 rounds of ammunition in appellant's nearby toolbox. Appellant admitted knowing the gun was in the car but claimed it belonged to his stepfather. Unfortunately, his mother told the police the stepfather was in prison and never possessed such a gun.

Appellant was convicted of possessing a firearm as a felon in violation of Penal Code section 12021, subdivision (a).[2] He was also found to have suffered three prior strike convictions, all of which stemmed from his use of a gun. After denying appellant's request to strike his prior convictions, the trial court sentenced him to 25 years to life in prison under the Three Strikes law. The judgment was affirmed on appeal. (*People v. Guggenmos* (Sept. 27, 1999, G023032) [nonpub. opn.].)

After Proposition 36 was passed in 2012, appellant petitioned to have his sentence recalled and be resentenced as a second strike offender. There is no dispute that, standing alone, his commitment offense – possessing a firearm as a felon – is not a disqualifying offense under Proposition 36. However, the court determined appellant was not eligible for relief because he was armed with a firearm during that offense.

---

[1] The facts are derived from the court records in appellant's underlying case, which we judicially notice. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[2] All further statutory references are to the Penal Code. Since appellant was convicted, section 12021, subdivision (a) was repealed and reenacted without substantive change as section 29800, subdivision (a).

2

DISCUSSION

Appellant argues the trial court committed both legal and factual error in denying his petition. His legal argument is based on the assumption the trial court rested its decision solely on the ground he was convicted of possessing a firearm as a felon. And his factual argument is premised on the belief there is insufficient evidence he was actually armed with a firearm during that offense. Neither argument has merit.

As amended by Proposition 36, the Three Strikes law allows inmates such as appellant to petition to have their sentences recalled and be resentenced as second strike offenders if their commitment offense is not a serious or violent felony, none of the enumerated disqualifying factors apply and such resentencing would not pose an unreasonable risk to public safety. (§ 1170.126, subds. (e), (f).) While the crime of possessing a firearm as a felon is not a serious or violent offense *in and of itself*, it is a disqualifying offense if the defendant was "armed with a firearm" during its commission. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) Indeed, it is now well established that, if the record of conviction shows the presence of such a disqualifying factor, the defendant is not eligible for resentencing, even if the particular crime for which he was committed to prison was not a serious or violent offense. (*People v. Brimmer* (2014) 230 Cal.App.4th 782; *People v. Guilford* (2014) 228 Cal.App.4th 651, 646-649; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1317; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029; *People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1013; *People v. Superior Court (Martinez)* (2014) 225 Cal.App.4th 979, 990; *People v. White* (2014) 223 Cal.App.4th 512, 523-524 (*White*).)

Appellant's contention the trial court denied his petition based solely upon his conviction for possessing a firearm as a felon in violation of section 12021, subdivision (a) is belied by the record. In fact, in ruling on appellant's petition the trial court properly recognized that not every defendant who commits that offense is ineligible for relief under Proposition 36. The court thus considered the circumstances surrounding

3

appellant's conviction to determine whether he was armed with a firearm when he violated section 12021, subdivision (a). This was a correct approach to appellant's petition. No legal error has been shown.

Still, as a factual matter, appellant contends there is insufficient evidence to support the trial court's finding he was actually armed during that violation. We beg to differ.

A person is armed with a firearm when he or she has ready access to the weapon for offensive or defensive use. (*People v. Bland* (1995) 10 Cal.4th 991, 997; *White, supra,* 223 Cal.App.4th at p. 524.) For purposes of the armed exclusion under Proposition 36, it does not matter whether the defendant was specifically charged with being armed with a firearm or whether he was armed to facilitate a separate criminal offense. If he was convicted of possessing a firearm as a felon, and the record shows he had ready access to a firearm *during the commission of that offense*, then he is not eligible for resentencing. (*People v. Brimmer, supra*, 230 Cal.App.4th at p. 797; *People v. Elder, supra,* 227 Cal.App.4th at pp. 1312-1317; *People v. Osuna, supra,* 225 Cal.App.4th at pp. 1028-1041; *White, supra,* 223 Cal.App.4th at pp. 526-528.)

Appellant argues the armed exclusion does not apply to him because when he was arrested, he only had *constructive*, not *actual* possession of the firearm that was found near him. In so arguing, he correctly points out that, in finding the armed exclusion applicable in *White, supra,* the court observed the defendant's guilt for possessing a firearm as a felon in that case was based on his actual physical possession of the subject weapon. (*White, supra,* 223 Cal.App.4th at p. 525.) However, "[t]he *White* court did not hold physical possession was the *only* circumstance in which a defendant could be found to be armed" for purposes of Proposition 36. (*People v. Superior Court (Cervantes), supra*, 225 Cal.App.4th at p. 1013, fn. 7, italics added.) In fact, the law is clear that for a person to be armed, he or she need not "physically carry the firearm on his or her person. [Citations.]" (*Id*. at p. 1013.) Accordingly, courts have found the armed

4

exclusion applicable to "those inmates who had a firearm available for immediate offensive or defensive use, and not merely those who carried a firearm on their person. [Citation.]" (*People v. Superior Court (Martinez), supra*, 225 Cal.App.4th at p. 992; see also *People v. Superior Court (Cervantes), supra*, 225 Cal.App.4th at pp. 1012-1019.)

Here, the police found a loaded revolver under the seat of a car on which appellant was working. The gun was just inches away from where appellant was contacted. Although he claimed the gun was not his, he admitted knowing where it was, and he had ready access to the weapon. Therefore, not only did appellant unlawfully possess a firearm as a felon, he was armed during the commission of that offense because the weapon was available to him for offensive or defensive purposes. As such, the trial court properly found the armed exclusion applicable in this case.

## DISPOSITION

The trial court's postjudgment order denying appellant's petition for resentencing under Proposition 36 is affirmed.


BEDSWORTH, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


FYBEL, J.

5