Filed 10/27/15  P. v. Gutierrez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTURO GUTIERREZ,<br><br>    Defendant and Appellant. | D067194<br><br><br><br><br>(Super. Ct. No. SF94332) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Patrick J. Hennessey, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Marilyn L. George and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

Arturo Gutierrez appeals from the denial of his petition for recall of sentence under the Three Strikes Reform Act (the Act). (Pen. Code, § 1170.126.)[1] He contends the trial court erred in determining that he was armed with a firearm during his third strike prior and was therefore ineligible for resentencing under the Act. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 1995, two police officers encountered Gutierrez resting in an eight foot by ten foot makeshift encampment in a canyon. Upon request by the officers, Gutierrez stepped out and stood 10 to 15 feet away while one officer searched the encampment. One of the officers found a nine-millimeter handgun sitting on top of a knapsack that was approximately 12 to 18 inches from where Gutierrez had been resting.[2] The gun had one bullet in the chamber and a loaded magazine next to it.

Gutierrez was arrested, charged and ultimately convicted of possession of a firearm by a felon.[3] Because Gutierrez had nine strike prior convictions, the court

---

[1]    All further statutory references are to the Penal Code.

[2]    In an opinion affirming Gutierrez's conviction, this court described the gun as within reach and stated that Gutierrez acknowledged handling the gun on the day of his arrest, prior to the officers' arrival at the encampment. (*People v. Gutierrez* (Jun. 8, 2000, D034199) [nonpub. opn.].)

[3]    This conviction resulted from a retrial after this court reversed and remanded Gutierrez's original conviction for instructional error.

sentenced him under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12) to a prison term of 27 years to life. This court affirmed the conviction on direct appeal.

In 2013, after the passage of the Act, Gutierrez filed a petition for recall of his sentence. The trial court denied the petition, finding that Gutierrez was armed with a firearm during the commission of his third strike offense and therefore, statutorily ineligible for resentencing.

DISCUSSION

Gutierrez challenges the court's determination of ineligibility on two grounds. He first contends he is eligible for relief because the language of the Act requires that he be armed during the commission of a separate, tethering criminal offense to fall within its armed-with-a-firearm exclusion. He further contends there is no substantial evidence to support a finding that he was armed for purposes of this exclusion of the Act. We address these issues in turn below.

I. *Application of the Act's Armed-with-a-Firearm Exclusion*

"Under the original version the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.) However, following passage of the Act in 2012, the amended law now provides that an indeterminate life sentence may only be imposed when a third strike is a serious or violent felony. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.) The Act also established a process by which

3

an inmate serving an indeterminate life sentence for a third strike conviction can petition for recall of sentence and obtain resentencing relief. (§ 1170.126.)

A defendant who files a petition for recall must satisfy certain criteria to be eligible for resentencing. (*People v. Yearwood, supra,* 213 Cal.App.4th at p. 170.) As relevant here, such a defendant must show in part that his indeterminate life sentence was not imposed for an offense listed in section 667, subdivision (e)(2)(C), or section 1170.12, subdivision (c)(2)(C). (*Yearwood, supra*, at p. 170.) Pursuant to this criteria an inmate is ineligible for resentencing if "[d]uring the commission of the current [third strike] offense, the defendant . . . was armed with a firearm." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

Gutierrez contends that, as a matter of law, he was eligible for resentencing because the armed-with-a-firearm exclusion must be tethered to a crime other than possession of a firearm. He analogizes the statutory language of the armed-with-a-firearm exclusion to that of arming enhancement provisions and argues that a third strike offender cannot be denied resentencing relief based on this exclusion absent a separate underlying offense.

Reviewing this question of statutory interpretation de novo (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332; *People v. Superior Court* (2014) 225 Cal.App.4th 979, 990 (*Martinez*)), we reject Gutierrez's contention, as the law is settled that no separate tethering offense is required under sections 667, subdivision (e)(2)(C), and 1170.12, subdivision (c)(2)(C). (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1032

4

["the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm"]; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797-799 [holding that an inmate fell under the armed-with-a-firearm exclusion and was ineligible for resentencing relief under the Act when he was armed with a shotgun during the commission of the underlying offense of possession of a firearm]; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1314.) In accordance with these authorities, Gutierrez's statutory interpretation fails.

## II. *Sufficiency of the Evidence*

Gutierrez next contends his record of conviction does not support a conclusion that he was armed during his third strike offense. Whether evidence supports the conclusion that a defendant was armed is a question of fact that we review under the substantial evidence standard. (*People v. Bradford, supra*, 227 Cal.App.4th at p. 1331; *People v. Osuna, supra,* 225 Cal.App.4th at p. 1040.)

An individual can be in possession of a firearm without being armed with a firearm and thus, a conviction for possession of a firearm by a felon, standing alone, is insufficient to disqualify an individual for resentencing relief under the Act. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048.) However, if the record establishes that a defendant convicted of possession of a firearm by a felon was armed with the firearm during the commission of that offense, the armed-with-a-firearm exclusion of the Act applies and the defendant is not entitled to resentencing relief thereunder. (*People v. White* (2014) 223 Cal.App.4th 512, 519.)

5

Being "armed" requires the defendant to have had a weapon physically available for offensive or defensive use. (*People v. Bland* (1995) 10 Cal.4th 991, 997; *People v. Blakely, supra*, 225 Cal.App.4th at pp. 1051-1052.) Actual physical possession of a firearm is not required. (See *Martinez, supra*, 225 Cal.App.4th at pp. 985, 989-993, 995 [holding that an individual was armed within the meaning of the Act when a gun was found in the same room or a separate room of the house where that individual was arrested].)

Gutierrez points to factual differences in the record and argues that he was outside the encampment when he was actually detained by the officers and therefore the firearm was not readily accessible for his offensive or defensive use. We disagree. Substantial evidence supported the trial court's determination that Gutierrez was armed during commission of the underlying offense. One of the arresting officers found a loaded, ready-to-fire handgun approximately 12 to18 inches away from Gutierrez's initial resting place and this court's opinion affirming the conviction noted that the gun was within his reach and that he had acknowledged handling the gun.[4] As such, the firearm was readily accessible and immediately available for Gutierrez's offensive or defensive use. The trial

---

[4]     This court's earlier opinion is part of the record of conviction and was properly relied on by the trial court. (See *People v. Brimmer, supra,* 230 Cal.App.4th at pp. 800-801 ["[W]e find a trial court may rely on the record of conviction, including this court's prior opinion in defendant's appeal from his original judgment and trial transcripts, as evidence to determine eligibility under the Act"].)

court properly determined Gutierrez was armed with the handgun and ineligible for resentencing relief under the Act.

## DISPOSITION

The order is affirmed.

_____

PRAGER, J.*

WE CONCUR:


_____

NARES, Acting P. J.


_____

McDONALD, J.

_____

\*    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.