Filed 9/20/16  P. v. Gathe CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY RODGERS GATHE,<br><br>    Defendant and Appellant. | B269090<br><br>(Los Angeles County<br>Super. Ct. No. TA051713) |

APPEAL from an order of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

Jonathan B. Steiner, Executive Director and Richard B. Lennon, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Anthony Rodgers Gathe (Gathe) appeals from the denial of his petition for recall and resentencing pursuant to Proposition 36.[1]

We find no error and affirm.

## FACTS

On August 29, 1998, Gathe was searched by deputies from the Los Angeles County Sheriff's Department. They retrieved a semiautomatic handgun from Gathe's waistband. Subsequently, he pleaded guilty to possession of a firearm by a felon (former Pen. Code, § 12021, subd. (a)(1)).[2] He admitted to two prior serious felony convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior prison terms (§ 667.5, subd. (b)). The trial court sentenced Gathe to a term of 25 years to life in state prison. He appealed. We affirmed the judgment in *People v. Gathe* (Apr. 11, 2000, B134805) [nonpub. opn.].

In December 2012, Gathe filed a petition for recall and resentencing. The trial court denied the petition because Gathe was armed with a firearm during the commitment offense.

This appeal followed.

## DISCUSSION

Proposition 36 "created a postconviction release proceeding whereby a [defendant] who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. [Citation.]" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167–168.) A defendant is disqualified if, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to

---

[1]     Proposition 36 is the Three Strikes Reform Act of 2012. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596.)

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

2

cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).)[3]

According to Gathe, the plain statutory language suggests that Proposition 36 ineligibility based on a defendant being armed with a firearm is triggered only if the firearm facilitated an offense in which arming with, or possession of, a firearm was not one of the elements. In other words, he contends that if arming with, or possession of, a firearm is an element of the commitment offense—such as being a felon in possession of a firearm—a defendant remains eligible for Proposition 36 relief. As we discuss below, Gathe's position lacks merit.

A defendant will be considered armed with a firearm if the weapon was available for use, either offensively or defensively. Consequently, per case law, he or she is armed if the weapon was under his or her immediate dominion and control. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029 (*Osuna*); *People v. White* (2014) 223 Cal.App.4th 512, 524 (*White*).) Apropos to the issue presented here, case law further establishes that if a defendant was armed with a firearm while committing a third strike offense of unlawfully possessing that firearm, he or she is ineligible under Proposition 36. (*Ibid.*; *Osuna*, *supra,* at pp. 1032–1040; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1054 (*Blakely*); *People v. Brimmer* (2014) 230 Cal.App.4th 782, 798 (*Brimmer*); *People v. Hicks* (2014) 231 Cal.App.4th 275, 284 (*Hicks*); *People* v. *Elder* (2014) 227 Cal.App.4th 1308, 1312 (*Elder*).)

---

[3] Section 1170.126 was added by Proposition 36. Section 1170.126, subdivision (e) provides: "An inmate is eligible for resentencing if: [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii) both provide that a defendant shall be sentenced as a second strike offender unless the prosecutor pleads and proves that "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person."

3

Gathe urges us to depart from *Osuna*, *White*, *Blakely*, *Brimmer*, *Hicks* and *Elder*. Though we can depart from the decisions of other appellate districts and divisions, we will do so if only there is good reason. (*People v. Landry* (1989) 212 Cal.App.3d 1428, 1436.) We perceive no basis to forge a new path because *Osuna*, *White*, *Blakely*, *Brimmer*, *Hicks* and *Elder* gave careful consideration to the issue, and each is the product of sound reasoning.

Because a firearm was found on Gathe's person, it was available for use and he was armed with a firearm for purposes of Proposition 36. Thus, the trial court properly found him ineligible for recall and resentencing.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
                ASHMANN-GERST


We concur:


_____, P. J.
        BOREN


_____, J.
        CHAVEZ